THOMAS H. READ, executor of Wilson Read, deceased, et al., appellants,

*v.*

CHARLES E. PATTERSON et al., respondents.

1. Where a testator directs his executor to apply so much of the income of a fund to the support of an infant as, in his judgment, may be necessary for that purpose, the question as to the amount which shall be so applied is, in the first instance, committed to the discretion of the executor, and his judgment on that question is not subject to judicial revision so long as he exercises a fair and honest discretion.

2. But if the executor abuses the power committed to him, and makes a grossly unreasonable allowance, then the court may interfere and make such an allowance as he, in the exercise of a proper discretion, ought to have made.

On appeal from a decree advised by Vice-Chancellor Van Fleet, who filed the following conclusions:

The defendant is the executor of Wilson Read, deceased. This suit is brought to compel the defendant to perform a duty imposed upon him by the will of his testator, and which duty, it is alleged, he has refused to perform in the manner in which his testator intended that he should perform it. By his will, the testator directed that, in case his widow should die before the children of his daughter Sarah attained full age, his executor should pay out of the income of his estate so much thereof as,

in his judgment, should be necessary for the support and maintenance of Sarah's children during their minority. The widow of the testator died during the minority of Sarah's children, and the defendant made an allowance for their support, but the claim is, that the sum he allowed was so grossly insufficient as to constitute an abuse of the power committed to him by the testator. This suit is grounded on a refusal by the defendant to perform the duty imposed upon him by the will, for the benefit of the complainants, in a fair and reasonable manner.

In the exercise of such a power as that which has been conferred on the executor in this case, the court rarely interferes. It never interferes except it is clearly shown that the executor refuses to exercise the power at all, or that he exercises it in such manner as to constitute an abuse of it. The court of errors and appeals, in this very case, has said, that where the testator has expressly directed that so much of the income of a fund as should, in the judgment of his trustee, be necessary for that purpose, should be applied to the support and maintenance of an infant, the court will not take upon itself to regulate the maintenance, but will leave it to the judgment of the trustee, and will not interfere if the trustee exercises a discretion within the limit of a sound and honest execution of the trust. *Read* v. *Patterson, 17 Stew. Eq. 211, 222.*

My consideration of the proofs in this case has led me to a very decided conviction, that the amount allowed by the defendant, out of the income of the testator's estate, for the support of the infant complainants, is so grossly insufficient as to show of itself that it was not the result of a fair exercise of judgment, but rather of a determination to give them as little as possible, and to withhold as much as he could.

The allowance that the testator intended should be made was such as would be sufficient to give the complainants food, raiment and shelter suitable to their rank in life. Their rank in life was that of the children of a respectable, well-to-do farmer.

When it became the duty of the defendant to make an allowance to the complainants, January 30th, 1884, Cornelia was nearly twelve years of age, and Charles was nearly fourteen.

The defendant should, as I think, have made the following allowance to each :

To Cornelia, for the period from February 1st, 1884, to February 1st, 1888, $208 a year, and from and after February 1st, 1888, at the rate of $100 a year.

Cornelia became seventeen in May, 1888. After that I think there would have been no difficulty in her guardian finding a good home for her, where the services rendered would have been gladly accepted as an equivalent for her board.

After she attained seventeen I think her best interests required that she should engage in the performance of household duties or some other suitable' employment, and not live a life of idleness. After February 1st, 1888, I think an allowance of $100 a year should be made for clothing and spending-money, and that such allowance should be continued until some change occurs in her circumstances which will warrant a change in the amount of the allowance.

To Charles, for the period from February 1st, 1884, to May 16th, 1887, at the rate of $208 a year; and from May 16th, 1887, at the rate of $1 a week or $52 a year.

The latter allowance to Charles should be continued until some change occurs in his circumstances which will warrant a change in the allowance.

The complainants will be allowed, out of the income of the testator's estate, the taxed costs which they have incurred since the amended bill was filed, and for counsel fees since the amended bill was filed, $150.

*Mr. Halsted H. Wainright,* for the appellants.

*Mr. Robert Allen, Jr.,* and *Mr. Edwin Robert Walker,* for the respondents.

PER CURIAM.

Decree affirmed, for the reasons given in the court of chancery.

*For affirmance*—The Chief-Justice, Depue, Dixon, Garrison, Magie, Reed, Scudder, Van Syckel, Brown, Smith, Whitaker—11.

*For reversal*—None.