Pfefferle v. Herr.

---

GERTRUDE PFEFFERLE et al.

v.

CHARLES F. HERR, executor, &c., of John F. Pfefferle, deceased.

[Filed October 13th, 1903.]

1. Where a suit to enforce an alleged trust for the benefit of minors involved the construction of the will creating the trust—as to whether the income of the entire estate was applicable to the maintenance and education of the minors, or only the income of their several shares—all of the minors interested in the estate were necessary parties.

Pfefferle v. Herr.

2. Where a testamentary guardian of certain minors had never qualified, and the trust created by the will for the support of the minors could be executed without reference to such guardian, she was not a necessary party to a bill to enforce such trust.

On demurrer.

*Mr. Francis Child,* for the demurrant.

*Mr. Samuel A. Besson, contra.*

STEVENSON, V. C.

My conclusion is that the demurrer to the bill should be sustained for the reason specified, that Ida Pfefferle and Oscar Pfefferle are not made parties. I do not think that Margaret E. McClelland, widow of the testator, is a necessary party. The demurrer does not object to the failure to make Margaret E. McClelland, as testamentary guardian, a defendant, but if it did it does not seem to me that she is a necessary party even in that capacity, inasmuch as she has never qualified as guardian, and the trust for the support of the children may be executed without reference to her. The testator made his will in November, 1891, and died in January, 1892. At that time he had a wife and five children, the oldest of which could not have been more than eleven or twelve years of age. All of these children excepting the eldest, at the time of the filing of the bill, were infants.

The entire estate was left to the five children in equal shares, subject to the widow's right of dower and subject to the right of the executor to sell the real estate. The fourth paragraph of the will is as follows:

"It is my will and I do hereby order and direct that none of my said real or personal estate shall be conveyed or paid over to my said children before they attain the age of thirty years respectively, they, however, to have so much of the income and profit thereof as may be necessary for their maintenance and education during their minority and their support until they attain said age."

The executor, the defendant, has taken possession of the entire estate and collects the income of the realty.

Counsel for complainant argues that the estate is in the hands of the executor in trust until the children, respectively, reach the age of thirty years and become entitled to their shares. His insistment is that the true construction of the will requires that the executor, as trustee, should keep the five shares separate and distinct, and that each child is entitled to so much of the income of his share as may be necessary for his maintenance and education. He argues, therefore, that each child has a right to come into the court of chancery and compel the trustee to execute the trust for his benefit—each child being entitled to support and maintenance only out of so much of the income of his share as may be necessary. Whether the right of each child to maintenance, &c., applies only to the income of his share or to the income of the entire estate, is the question of construction to be determined at the start. The will says that "so much of the income and profit thereof"—*i. e.,* of the entire real and personal estate—"as may be necessary" shall be applied to the maintenance and education of the children. The will does not say that so much of the income of each share as may be necessary shall be applied to the maintenance and education of the child entitled to the share.

The executor and trustee, in my opinion, is entitled to the protection of a decree in a suit in which all the infants are made parties. If the application for maintenance had been made by petition by one or more of the infant children, the same rule, I think, should be applied. The two infants who are not made defendants are the youngest, and what their circumstances are, what the necessities of their case may be in respect of maintenance and education, the bill does not disclose. After a decree allowing maintenance to the three complainants out of the income of their respective shares, another suit might be brought on behalf of the two infant children who are not made parties, in which it would be claimed that a correct construction of the will required the trustee to furnish maintenance out of the income of the entire estate to the several five beneficiaries according to their respective necessities, and that the income of the whole estate might be required for the sup-

port and education of two or three of the children, or that half of the income should, in accordance with the will, be appropriated to two of the children.

Counsel for complainants, in an elaborate brief, assumes that the construction of the will giving each child maintenance and education only out of his share, is the correct construction. This contention, however, is liable to be disputed at any time in the future.

The demurrer will be sustained.