O'Gorman *v.* Crowley.        *81 Eq.*

RICHARD O'GORMAN et al., executors, respondents,

*v.*

MARY CROWLEY et al., appellants.

[Decided March 14th, 1913.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Howell, whose opinion is reported in *80 N. J. Eq. (10 Buch.) 101.*

*Mr. Frank H. Sommer* and *Mr. John P. Hill* (of the Maryland bar), for the appellants.

*Messrs. Howe & Davis,* for the respondents.

PER CURIAM.

David Ledwith, a resident of the county of Essex, died in 1901, leaving a will, one of the provisions of which was as follows:

"I give and bequeath to my executors hereinafter named the sum of twenty-five thousand dollars, in trust, to keep the same safely invested and to pay the income therefrom to my son James Herbert Ledwith during the term of his natural life; but I authorize and empower my executors to terminate said trust and to pay to my·said son the said sum of twenty-five thousand dollars whenever in the opinion of my executors his mental and physical condition is such that he is competent to attend to affairs. If, however, my said son shall die during the continuance of said trust and prior to the payment to him of said ·

twenty-five thousand dollars I direct that said sum of twenty-five thousand dollars shall be paid to his issue then living, and if there be no issue of my said son then living said sum of twenty-five thousand dollars shall fall back into and become part and parcel of my residuary estate and shall be disposed of as directed in the fourth clause of this my will."

By the fourth clause of his will the testator gave his residuary estate to his niece, Mary Crowley.

James Herbert Ledwith died without issue in 1910, leaving a will by which he devised his property in trust for the benefit of certain persons therein designated.

The executors of David Ledwith, in the exercise of the discretion conferred upon them by his will, retained in their hands during the lifetime of his son, James Herbert, the $25,000 disposed of by the paragraph in that instrument which has already been recited. Upon the death of the son the testator's niece, Mary Crowley, claimed to be entitled to it as the legatee of David Ledwith; the legatees under the will of James Herbert Ledwith also claim to be entitled to the fund. In this condition of affairs the executors and trustees under the David Ledwith will filed their bill in the court of chancery praying the advice of that court as to which of the rival claimants were by the true construction of that will entitled to receive this fund. It was held by that court that the fund was payable to Mary Crowley and a decree was entered in conformity with this view. From that decree the legatees under the James Herbert Ledwith will have appealed.

We think this decree should be affirmed. The testator, David Ledwith, did not intend that his son should come into the enjoyment of the *corpus* of this fund until such time as his mental and physical condition made it advisable to pay it over to him, the test being that he should be competent to attend to affairs. Whether the son's mental and physical condition should improve to the extent indicated was a matter which required an exercise of judgment on the part of someone. The testator, as he had a right to do, selected the executors named in his will as the persons who should exercise that judgment. Their determination of that question was final if the judgment exercised by them was a

sound and honest one. There is nothing in the proofs submitted in this case which justifies the slightest suspicion against the integrity and good faith of the executors. The fact that the judgment of others upon the question of the mental and physical condition of the son differed from that of the executors is quite immaterial, for it was not upon their judgment but upon that of the executors that the testator saw fit to rely. The condition upon which the son was entitled to receive the *corpus* of the fund having failed the gift over to the residuary legatee became effective, and upon James Herbert's death she was entitled to have it paid to her.

The decree under review will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON—10.

*For reversal*—None.