WILLIAM L. STRONG, executor of and under the last will and testament of Fannie M. Mathewes, deceased,

*v.*

EMMA C. DANN et al.

[Decided July 25th, 1919.]

A testatrix gave to her trustee a certain sum for three nieces, the income thereof to be paid to them in equal portions yearly, with remainder over in case of the death of one or more of them, and permits the nieces to acquire their shares absolutely upon their simple desire and request for advances of the same, if the trustee shall deem it proper to make such advances in his discretion.—*Held,* the trustee having in the exercise of his untrammeled discretion acceded to such requests of the nieces the advances may be made.

On final hearing on pleadings and proofs.

*Mr. Freeman Woodbridge,* for the complainant.

*Mr. Ellis L. Pierson,* for the infant defendants.

WALKER, CHANCELLOR.

This suit was brought by the executor of the last will and testament of Fannie M. Mathewes, deceased, for construction of her will and directions as to the disposition of the one-half part of the residuary estate in the hands of the executor as trustee. On the death of Mrs. Mathewes' husband, which has taken place, the sum of $20,613.29 became distributable, one-half to the executor, individually, a nephew of the deceased, and to Emily L. Strong and Mary D. Strong, her nieces; the remaining one-half to be retained by the executor as trustee for the testatrix's other three nieces, Emma C. Dann, Edna M. Cook and Mary S. Cook (now Reid), to pay over yearly the net income to the three nieces in equal portions, and in case of the death of one or

more of them leaving lawful issue, then to pay over the share or shares held for them to such lawful issue, share and share alike, *per stirpes* and not *per capita,* and in case such deceased niece or nieces should leave no lawful issue, then the trustee should retain the share or shares for the benefit of the surviving niece or nieces, and pay over the net income and profits of the said share or shares to the survivor or survivors; and in case at any time any one or more of the three nieces should desire advances to be made to them, or either of them, out of the share or shares in the hands of the trustee, and he should deem it proper to make such advance or advances, then he is fully authorized and empowered to do so at his discretion. Of the three nieces two are married, namely, Emma C. Dann and Mary S. Cook Reid. Mrs. Dann has two children, Margaret Dann and Edna May Dann, and Mrs. Reid has two children, Charles Harmon Reid and Henry Cook Reid. All the children are infant defendants to this suit. The clerk of the court has been appointed their guardian *ad litem,* and Ellis L. Pierson, Esquire, appears for him and them as solicitor and counsel.

The bill avers that the adult nieces of the testatrix, Emma C. Dann, Mary S. Cook Reid and Edna M. Cook, now desire the complainant, as trustee, to pay over to them their full shares of the estate bequeathed to them in trust, as above stated; and the complainant avers that he deems it proper to make such advance or advances.

The prayer of the bill is that the court will construe the will of the late Mrs. Mathewes and direct the complainant as to his duties in the premises, and particularly whether or not he should pay over to the adult nieces each a one-third of the one half of the balance remaining in his hands as trustee, under the clause of the will authorizing advances to be made.

The exact language of the will invoked is:

"In case, at any time, any one or more of my said nieces, Emma C. Dann, Edna M. Cook and Mary S. Cook, desire advances to be made to them, or either of them, out of and from the part or parts, share or shares, in the hands of the said William L. Strong, and he shall deem it proper to make such advance or advances, then I fully authorize and empower him to make such advance or advances at his discretion."

My first impression was that an advance of the whole of the share of any one of the nieces could not be made to her at any one time, but that advances might only be made to her piecemeal, from time to time, as she might require an advance, and if the trustee should, in the exercise of sound discretion, deem it proper to make such advance. But, upon reflection, I have reached the opposite conclusion.

In *Bacot* v. *Wetmore, 17 N. J. Eq. 250*, Chancellor Green observed (at *p. 252*):

"Where the words are clear, the safest course, in the language of Lord Eldon, is to abide by the words; unless upon the whole will, there is something amounting almost to demonstration,. that the plain meaning of the words is not the meaning of the testator."

In *Theob. Wills 461*, it is said:

"Where a large discretion is conferred upon trustees, the court will not interfere with the exercise of the discretion so long as it is honestly exercised. It matters not whether the discretion is expressed in the form of a trust or of a power."

If the testatrix had provided that if any one or more of her nieces should desire advances for any of the necessaries of life or other purpose, and the trustee was authorized in his discretion to make such advances, then surely only so much as might be reasonably necessary on a given occasion could, in the exercise of sound discretion, be advanced; and the court could control the situation, either compelling a proper advance refused or restraining an improper one threatened to be made; but, by the terms of the will in question in this case, advances may be made by the executor at his discretion whenever any one or more of the beneficiaries desire them to be made, there being no limitation as to the purpose for which they may desire to use the funds; nor any fetters upon the discretion confided in the trustee to make the advances desired. The argument that advances may be made out of and from the share or shares in the hands of the trustee means that no share in its entirety can be advanced at any one time, and that there must necessarily be one or more advancements, is met by the fact that there is no pre-

scription of any particular time which must elapse between advancements, and, therefore, they could be demanded in quick succession, and if the trustee, in his unlimited discretion acquiesced, the whole share in trust for any one niece might be advanced to her in an almost inappreciably short time. And as the plain meaning of the terms used by the testatrix are that each niece may acquire her whole share, without limitation as to time, by desiring and requesting advancements in which the trustee acquiesces, the only rational view of the case is that that which may indirectly be accomplished may be directly done; that is to say, that instead of advancing an entire share to one of the beneficiaries in several payments in the course of a short time, it may be done at once.

In *Theob. Wills* (at *p. 495*) it is said:

"If a discretion is given to trustees to apply a fund for the benefit of an individual, and the mode of application is so wide as to lead to the inference, that the primary object was to benefit the individual, he may be entitled to the fund. * * * This may be the case, even if there is a gift over of so much as is not applied."

This meets the gift over to issue, or to surviving nieces for want of issue left by any deceased ones.

The question *sub judice* is not one as to the *quantum* of the estate equitably vested in these beneficiaries under the will of the testatrix, but as to the discretionary power of the trustee, which is not in terms made to depend upon any status, but is entirely discretionary. In such a posture the court has no power to command or prohibit the exercise of the discretion confided to the trustee if his conduct be *bona fide,* and there is neither proof nor suggestion of *mala fides* in this case. See *Read* v. *Patterson, 44 N. J. Eq. 211, 219.*

The prayer of the bill that the court construe the will of the late Mrs. Mathewes in the respect above discussed will be granted, but that part of the prayer which asks the court to declare whether or not the trustee should pay over to the adult nieces the shares he holds in trust for them will not be granted. The discretion is one confided to the trustee, and is for him to exercise; in fact, he had exercised it, as appears from the bill and testimony. It will, however, be declared that he has the

power, in his discretion, to grant the request of the testatrix's nieces. This suit for the construction of the will is maintainable under the Chancery act, 1915. *P. L. 1915 p. 184 § 9.* See *In re Ungaro, 88 N. J. Eq. 125; Snyder* v. *Taylor, 88 N. J. Eq. 513.*

Decree will be settled on motion and on notice.