The petitioners will be permitted to intervene.

In the matter of the dissolution and liquidation of the FOUNDATION BUILDING AND LOAN ASSOCIATION OF THE CITY OF NEWARK.

[Decided November 19th, 1937.]

*Mr. Aaron Marder,* for the petitioners.

STEIN, V. C.

The petitioners, the commissioner of banking and insurance of the State of New Jersey and Joseph Okin, Jerome Nusbaum and Louis J. Cohen, trustees in voluntary dissolution and liquidation of the Foundation Building and Loan Association of the city of Newark pray instruction of the court:

1. Whether the trustees may sell, convey or assign all or any part of the real or personal property of said Association at such prices and on such terms, including the taking of security for part of the purchase money, as shall be deemed advantageous by them.

2. Whether the trustees may accept, give credit for and take in lieu of cash for the sale or assignment of any property of the said Association, or for the repayment of any mortgage of the said Association, shares of said Association, at such value and upon such terms as said trustees shall, in their discretion, deem fair and proper, provided, however, that such valuation placed upon such shares shall first be approved by the commissioner of banking and insurance as reasonable and not excessive.

The petition sets forth the large amount of real estate owned by various institutions and that sales for all cash are very difficult to obtain, and when obtained are for less than the real value; that going building and loan associations are taking purchase-money mortgages and shares in lieu of cash for the sale of property and payment of mortgages; that mortgage guaranty companies in insolvency and dissolution are taking back mortgage participation certificates in lieu of cash in the sale of property.

The difficulties confronting building and loan associations in the liquidation of real estate are vividly described in the exhaustive opinion of Chancellor Campbell in *Bucsi* v. *Longworth Building and Loan Association, 119 N. J. Law 120.*

The statute *P. L. 1925 ch. 65,* by virtue of which the petitioners were appointed, provides the procedure to effect dissolution and liquidation · of building and loan associations. Section 38 of the áct provides: "The Court of Chancery * * * shall have full and complete jurisdiction over the said trustees and of all matters and questions arising or growing out of the winding up and liquidation of any such association, and may make such orders and decrees in connection with any and all of such matters as justice ·and equity shall require."

Aside from the statute, trustees have the right, in case of doubt, to seek instructions from this court. *Attorney-General* v. *Moore's Executors (Court of Errors and Appeals), 119 N. J. Eq. 503; Traphagen* v. *Levy, 45 N. J. Eq. 448.*

The statute in section 31 provides: "Whenever in the judgment of the board of directors or managers of any such association of this State, it shall be deemed advisable and for the interest of the members of such association that the same shall be dissolved, and its business liquidated, said board of directors or managers, after the adoption of a resolution to that effect, shall cause notice of the adoption of said resolution to be mailed to each member * * * shall fix a time and place for a meeting of said members to take action upon said resolution * * * and if at any such meeting two-thirds in interest of the members present shall vote that dissolution and liquidation of such association shall take place, then a copy of the said resolution to dissolve and liquidate shall be filed by the secretary, treasurer, president or other officer of such association, in the office of the Commissioner of Banking and Insurance of this State, who, upon being satisfied that said notice has been given and said resolution adopted, shall issue a certificate to the trustees hereinafter provided for," &c.

Section 32 provides: "Upon the adoption of said resolution by said members at said members' meeting, * * *

said members shall appoint three or more trustees to wind up and liquidate the affairs of such association, and the trustees so appointed shall have full power to demand, sue for, collect and receive, and take into their possession, all the goods, chattels, rights and credits, moneys and effects, land and tenements, * * * and any other property of any and every description, belonging to such association, and to *sell, convey or assign all the said real or personal estate,* and to compromise and settle, with the borrowers of said association, and do any and all other things or acts that they shall think necessary, for winding up the affairs of such association * * *; nothing herein contained shall divest the said Commissioner of Banking and Insurance of the jurisdiction and supervision vested in him over such association." (Italics mine.)

The power to sell includes by implication the power to defer payment of the purchase price and accept security therefor; similarly, the power to compromise and settle with borrowers of the Association implies the power to accept shares of the Association at a fair valuation in payment of debts, subject to the approval of the commissioner of banking and insurance as to valuation.

The powers here implied have been exercised by boards of directors of active building and loan associations. See *Caldwell Building and Loan Association* v. *Henry, 120 N. J. Eq. 425.*

*Section 32, laws of 1925, chapter 65,* confers similar powers upon trustees in liquidation and further provides: "and said trustees shall further have power to meet and act under the constitution of such association to the same extent as the said board of directors or managers of any such association could, and under regulations to be made by a majority of said trustees; * * *."

Also section 34 of the statute provides that where the trustees heretofore have or hereafter shall become purchasers of lands, tenements or hereditaments covered by any mortgage forming a part of the assets of such association in their hands, at a sale thereof upon a foreclosure of any such mortgage, "the lands, tenements or hereditaments so purchased shall be assets in their hands as such trustees, and may be sold and

conveyed by them *without any order of court;* and the said trustees so selling and conveying said lands, tenements or hereditaments shall be accountable for and use and apply the proceeds of such sales as other moneys in their hands as such trustees are required by law to be used and applied." (Italics mine.)

In the exercise of their powers, the trustees may not imperil the prior right of creditors to payment out of the assets of the Building and Loan Association. The values fixed for shares accepted by the trustees in payment of debts owing to the Association must reflect the debts owing by the Association.

"Where the power given to trustees is wholly discretionary to do or not to do a particular thing, in their discretion, the court has no jurisdiction to lay a command or prohibition upon the trustees as to the exercise of that power, provided their conduct be *bona fide,* and their determination is not influenced by improper motives. *2 Lewin on Trusts (8th ed.) 612.* Where the power is coupled with a trust or duty, the court will enforce a proper and timely exercise of the power; but if it be given upon a trust to be exercised in the discretion or upon the judgment of the trustee, the court will not interfere with the trustee's discretion in executing the trust, unless he has exercised his discretion *mala fide."* *Read v. Patterson (Court of Errors and Appeals), 44 N. J. Eq. 211,* and authorities therein cited.

The trustees are instructed:

(1) That in selling the real and personal property of the Association, they have the power to defer payment of the purchase price and take security for the same.

(2) That in selling the real and personal property of the Association, they have the power to accept shares of the Association in lieu of cash, subject to the approval of the commissioner of banking and insurance as to valuation; and

(3) That in settling and compromising with debtors of the Association the trustees have the power to accept shares of the Association in lieu of cash, subject to the same conditions.

Present an order.