Complainant is the daughter of Alan H. Strong, deceased, who died February 2d 1925, and by his last will and testament duly probated appointed the New Brunswick Trust Company executor and trustee. In his will the deceased devised and bequeathed his residuary estate to the New Brunswick Trust Company in trust "to collect and receive the income therefrom, and after paying out of said income all current charges and the expenses of said trust to pay over the net income quarterly to my said wife Susan De Lancey *Page 559 
Van Rensselaer Strong, so long as she shall live for the support of herself and of my beloved daughter Sylvia Van Rensselaer Strong so long as my said daughter shall be dependent upon my said wife.
"From and after the death of my said wife my said Trustee shall in like manner pay the said net income to my said daughter Sylvia so long as she shall live; and upon the death of my said daughter I give, devise and bequeath the said fund and property, real and personal then remaining undisposed of under the authority hereinafter given, unto the children and issue of my said daughter Sylvia equally to be divided among them per stirpes
and not per capita; to have and to hold the same to them and their heirs, executors, administrators and assigns. It is not, however, my intention to deprive my said wife and daughter of the benefit of such expenditure from the said principal fund as shall be required for their comfortable support. Therefore, while I expressly prohibit any expenditure thereof not so required and place upon my said trustee the responsibility for any wastefulness in that regard, I nevertheless authorize and direct my said trustee in the exercise of a careful and prudent discretion to expend of said principal fund from time to time for the support and comfort of my said wife and daughter, or either of them such sum or sums (and such only) as to my said trustee after due inquiry into the circumstances shall appear reasonably necessary."
Susan De Lancey Van Rensselaer Strong died June 28th, 1931. Two children, Jacquelyn and Sylvia Park Reed, were born to complainant and her former husband, now deceased. Both children are minors under the age of fourteen years and reside with complainant and Mr. Tansey, her present husband. The home is maintained in an apartment which complainant alleges is small and uncomfortable and increasingly inadequate as the children become older; that by reason of the location of the premises in which the apartment is situated the children are required to attend "an unsatisfactory school" and complainant further alleges that in all respects she and her children do not live "in the manner to which your *Page 560 
complainant has been accustomed nor in that degree of comfort intended by your complainant's father."
According to the testimony complainant desires to erect a dwelling house the cost of which together with the land will not exceed the sum of $10,000. This desire she made known to the trustee and applied to the trustee to pay her the sum of $1,500 out of the corpus of the estate which sum, together with $2,000 which her husband is willing to advance she proposes to apply on account of the cost of the dwelling and land.
The trustee declined to advance the sum requested, and hence this bill in which complainant prays that the New Brunswick Trust Company "may be ordered and directed to pay to your complainant the said sum of Fifteen Hundred ($1,500) Dollars for her comfortable support and maintenance in accordance with the terms and directions of said Last Will and Testament, and to perform its trust in that respect."
Where the trustee is directed as here in the exercise of a careful and prudent discretion to expend of said principal fund from time to time for the support and comfort of complainant such sum as to the trustee after due inquiry into the circumstances shall appear reasonably necessary, the court has no jurisdiction to lay a command or prohibition upon the trustee as to the exercise of that power, provided its conduct is bona fide, and that its determination is not influenced by improper motives. The court will not interfere with the trustee's discretion in exercising the trust, unless it has exercised its discretionmala fide. Read v. Patterson, 44 N.J. Eq. 211, 219; FidelityUnion Trust Co. v. Dignan, 105 N.J. Eq. 750, 754. The trustee is not charged in the bill of complaint nor in the testimony with improper motives or mala fides in the exercise of the discretion committed to it in denying complainant's request.
The bill of complaint is dismissed. *Page 561