By the will of John McFerran, the sum of ten thousand dollars ($10,000) became part of a certain trust agreement *Page 457 
of which the bank was trustee. By the terms of the trust agreement and a supplemental agreement which became an effective part thereof, it was provided that the income from this $10,000 should be paid to complainant, a son of testator, for his life and upon his death the corpus to be distributed among several relatives. By the supplemental agreement, the direction was given to the trustee to pay such sums in addition to the income as might be sufficient to provide for the living expenses of complainant, but only upon the express direction of another son of the donor, whose decision as to such excess payment should be final.
The income from this fund amounts to seven dollars ($7) a week and this is paid to complainant. His brother, with whom, under the supplemental agreement, rests the right to determine the question of additional payments, has declined to give such a direction and complainant has brought the present proceedings to compel a payment to him of additional sums out of the corpus of the trust fund.
Under the decisions, the court will not substitute its judgment for that of a trustee where a discretion is given the trustee, except upon proof that the exercise of the discretion has been in bad faith. Read v. Patterson, 44 N.J. Eq. 211; Tansey v. NewBrunswick Trust Co., 124 N.J. Eq. 558.
Complainant has not presented any evidence to show that his brother has acted in bad faith, or been influenced by improper motives. In fact, such evidence as there is is to the contrary. All that complainant has shown is that the seven dollars ($7) a week is not sufficient for his maintenance. The only right he has is to the income, except through the exercise of a discretion expressly given to his brother to make payments out of principal. Had the donor intended to give complainant an absolute right to funds sufficient for his support in excess of the income, the trust agreement could have so provided.
A decree will be advised dismissing the bill. *Page 458