GEORGE F. HEWSON CO., PLAINTIFF-APPELLANT, v. HOWARD A. HOPPER, ANTHONY F. CARLO, JOSEPH J. CARLO, FRED CARLO AND GEORGE POLICASTRO, DEFENDANTS-RESPONDENTS.

Argued May 21, 1943—Decided September 16, 1943.

For the appellant, *Charles S. Okin* (*Aaron Marder,* of counsel).

For the respondent Howard A. Hopper, *Hood, Lafferty & Emerson* (*Charles Danzig,* of counsel).

For the respondents Anthony F. Carlo, Joseph J. Carlo and Fred Carlo, *August W. Heckman* (*Alrod A. Barison,* of counsel).

For the respondent, *George Policastro* and *Xavier Del Negro.*

The opinion of the court was delivered by

PERSKIE, J. The question for decision on the facts of this case is whether the learned trial judge erred, as claimed, in granting defendants' motions for nonsuit. We resolve the question in the negative.

This action was instituted by appellant, referred to as plaintiff, a duly licensed real estate brokerage corporation of this state. The respondents, referred to as defendants, are: an employee of the owner of the property, the officers of a corporation which purchased the property from the owner, and the broker to whom a commission was paid on the sale of the property.

Summarized, plaintiff charged defendants with unjustifiable interference in its business; that defendants, with full

knowledge that the corporation which purchased the property was plaintiff's customer, conspired to and did wrongfully, improperly and maliciously "induce," "entice" and "steal away" its customer, and that, as a result of the wrong thus suffered at the hands of defendants, it was entitled to recover from defendants the commission which it lost on the sale of the property.

Plaintiff's right of action is admittedly based upon the asserted applicability of the principles set down by this court in the case of *Louis Kamm, Inc.,* v. *Flink,* 113 *N. J. L.* 582; 175 *Atl. Rep.* 62; 99 *A. L. R.* 1. We adhere to these principles. It is true that in the Kamm case we recognized the propriety of a cause of action to recover damages for an unjustifiable interference with the right to pursue a lawful business. But it is also true that we were careful to point out that the gravamen of such a cause of action is conditioned upon the wanton, malicious and unjustifiable acts of others, and that where a loss occurs by reason of lawful competition however sharp, the loss is one for which the law affords no redress.

We have carefully examined the proofs adduced by plaintiff. And we can only conclude, as we do, that the loss, if any, which plaintiff suffered was occasioned solely as the result of legitimate competition. Giving to plaintiff the benefit of all the facts proved and the proper inferences deducible therefrom we find, briefly stated, that the property concededly was not listed for sale exclusively with plaintiff, and that plaintiff did originally interest the ultimate purchaser in the property sold. Plaintiff tried to effect a sale to its prospective customer from about the middle of 1939 until the latter part of November of that year. Throughout that period price was discussed, blueprints were obtained and the usual negotiations incident to effecting a sale were conducted. No offer in behalf of its purchaser was, however, made by plaintiff to the owner of the property. An agreement for the sale of the property was effected—through negotiations of the broker sued—the early part of December, 1939. The sale was finally consummated in the early part of February, 1940, and promptly thereafter the broker sued was paid his commissions.

While there is proof that plaintiff did disclose the name of its prospect to the owner of the property, yet, there is a total dearth of proof that such disclosure was to be treated confidentially, or that any improper use of that information was made by anyone.

In fine, our careful study of the proofs compels the conclusion that plaintiff fell far short of having established a case which required the defendants to be put to their defenses. The motions for nonsuit were properly granted.

We have carefully considered all other matters argued and find them to be without merit.

Judgment is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 14.

*For reversal*—None.