A construction of the third and fourth paragraphs of the last will and testament of John J. Armstrong, who died on or about February 13th, 1944, is sought. The bill was probated before the surrogate of Bergen County, New Jersey, on or about February 29th, 1944. Letters testamentary were issued to Eva Josephine Murdock, Wilfred M. Armstrong, sister and brother of decedent, and Frank M. Gordon, a member of the bar of the State of New York, who are the executors and trustees named in said will.
The paragraphs of the will in question read as follows:
"Third: I give, devise and bequeath all the rest, residue and remainder of my property and estate, real and personal, wheresoever and whatsoever, to my executors and trustees hereinafter named, the survivors or survivor of them and their successors, in trust, nevertheless, to have and to hold the same, to let and lease my real estate and to invest and keep invested my personal estate and to collect and receive the rents, issues, income and profits thereof, and after paying therefrom all taxes, assessments, insurance, repairs and other necessary expenses, to pay over and apply the whole of the net rents, issues, income and profits thereof, together with such portions of the principal of said property and estate as said trustees, the survivors or survivor of them and their successors shall from time to time in their, his or its absolute discretion think proper, to my sisters, GEORGINA CONLIN, EVA JOSEPHINE MURDOCK and ELIZABETH ARMSTRONG, and my brother WILFRED W. ARMSTRONG, during their lives, in such respective shares and proportions, whether equal or unequal, as my said trustees may in their, his or its discretion think proper, for their support and maintenance, and to the survivor of my said sisters and brother, during his or her life, for his or her support and maintenance.
"Fourth: Upon the termination of said trust I give, devise and bequeath all the rest, residue and remainder of the principal of said trust fund then in my said trustee's hands to my nieces, ELIZABETH CONLIN, GEORGINA CONLIN HUNTLEY, HAZEL CONLIN LYONS, JANE CONLIN VELTMAN, JEAN MURDOCK and RUTH MURDOCK BISTANY, to be divided among them equally, share and share alike.
"Should any of the said residuary legatees be dead at the time of the termination of said trust, then and in that event, I give, devise and bequeath her or their share to her or their issue then living, per stirpes and not per capita, and in default of such issue then to the survivors or survivor of said residuary legatees."
The complainant Georgina Conlin is also a sister of decedent and of Eva and Wilfred, the executor-trustee defendants. She is 73 years of age, crippled, destitute, without means of *Page 14 
support, and depends for maintenance upon her daughter Hazel Conlin, who earns a moderate salary; she requires constant medical care and attention. The executor-trustees decided to allow her $50 a month. She has received approximately the sum of $525 from the estate. The sum of approximately $145 has been assessed against her bequest by the New Jersey Inheritance Tax Department.
The defendant executor-trustees, Eva and Wilfred, occupy the decedent's one-family residence in the Village of Ridge-wood, New Jersey. The house has ten rooms and stands on a plot 75 by 100, in the residential section of the village. The estate is paying the overhead expenses of the property — taxes, water rents, repairs, and insurance premiums. The complainant Georgina has been "invited" to live in the aforesaid residence occupied by her said sister and brother, which invitation she refused since the building is a one-family house and is not constructed to accommodate two separate families. The complainant and the present occupants of the dwelling are unfriendly. Both Eva and Wilfred also receive $50 a month from the estate.
The defendant executor-trustee, Frank M. Gordon, admitted that the monthly allowance of $50 which the estate pays to the complainant Georgina is not sufficient to maintain her. His justification for the payment of that amount to her is that it is the same sum which the defendants Eva and her brother Wilfred, his co-executors and trustees, were receiving from the estate.
The bill alleges that Eva and Wilfred upon the death of the testator, were the survivors of joint accounts held by them and the testator which approximated $15,000. While the bill asks for an accounting from the defendants as to those accounts, the application therefor was not pressed at the hearing. The defendants' brief contains a note that a letter was received from complainants' counsel saying that he abandoned the application for the accounting.
The assets of the estate have an approximate value of $60,000.
The complainants contend that the executor-trustee, Frank M. Gordon, with no consideration of Georgina's condition, *Page 15 
arbitrarily fixed the $50 monthly allowance to her. They say that he and his co-executor-trustees had knowledge of her infirmity and her destitute situation. They argue that the executor-trustees' treatment of Georgina is not only harsh and unreasonable, but it is a patent abuse of the discretion which the testator conferred.
In 2 Scott on Trusts 987 § 187 appears:
"Even the use of such terms (absolute or uncontrolled) however, does not give him unlimited discretion. A good deal depends upon whether there is any standard by which the trustee's conduct can be judged. Thus if he is directed to pay as much of the income and principal as is necessary for the support of a beneficiary, he can be compelled to pay at least the minimum amount which in the opinion of a reasonable man would be necessary. If, on the other hand, he is to pay a part of the principal to a beneficiary entitled to the income, if in his discretion he should deem it wise, the trustee's decision would normally be final, although as will be seen the court will control his action where he acts in bad faith. The real question is whether it appears that the trustee in acting in that state of mind in which it was contemplated by the settlor that he should act."
Section 187-2, page 993: "Thus where by the terms of the trust he is directed to pay so much of the income or principal of the trust estate to a beneficiary as in the opinion of the trustee necessary for his support, or maintenance, or comfort, the court will control the trustee if he acts beyond the bounds of a reasonable judgment. Although undoubtedly the trustee has considerable discretion in determining what is necessary for the beneficiary's support, there are limits to his discretion. It is true that the standard is not a fixed standard, but the trustee is guilty of an abuse of discretion if it appears to the court that he is paying less than a reasonable person could think necessary for the beneficiary's support."
The executor-trustees are directed among other things "to pay * * * together with such portions of the principal" of testator's estate "from time to time" as they in their "absolute discretion think proper * * * sisters Georgina Conlin, Eva Josephine Murdock, and Elizabeth Armstrong, and * * * brother Wilfred W. Armstrong during their lives * * * for their support andmaintenance." (Italics mine.) Considering Georgina's circumstances, the monthly allowance to her is entirely inadequate for her support and manifestly not in accord with the testator's clear intent. It is just a mere pittance that will not meet the cost of the bare necessities *Page 16 
of life. The complainant Georgina must not only have food, be clothed and housed, but her condition is such that she requires constant medical attention. Those absolute requirements entail a cost very much in excess of the amount the executor-trustees advance. The executor-trustees seem to overlook the fact that the testator in unmistakable terms provided for the "support and maintenance" of his sisters and brother. The defendant executor-trustee Gordon admitted on examination that the $50 allowance to Georgina is not sufficient for that purpose. Eva and Wilfred as "survivors" of their brother John, acquired bank accounts in which he, the testator, had a joint interest. John presumably knew they would not be impoverished upon his decease. He was aware of Georgina's financial circumstances, and I believe he had her in mind when he provided that his executor-trustees could pay "equal or unequal" amounts to his sisters and brother. I do not believe that the executor-trustees are acting in that state of mind in which it was contemplated by the testator that they should act. They are in my opinion paying less to Georgina than a reasonable person in the circumstances could think necessary; such attitude I feel is an abuse of the discretion bestowed. Equity has long entertained complaints alleging improper or arbitrary and unreasonable conduct of trustees in the administration of trusts; its right to do so is inherent and does not depend upon statutory authority. Read v. Patterson,47 N.J. Eq. 595; 22 Atl. Rep. 1076; Strong v. Denn, 90 N.J. Eq. 329; 9 Atl. Rep. 2d 783; In re Foundation Building and LoanAssociation, 122 N.J. Eq. 549; 195 Atl. Rep. 373; Tansey v. NewBrunswick Trust Co., 124 N.J. Eq. 558; 3 Atl. Rep. 2d 575;Lundie v. Walker, 126 N.J. Eq. 497; 9 Atl. Rep. 2d 783;Latorraca v. Latorraca, 132 N.J. Eq. 40; 26 Atl. Rep. 2d522.
If the parties hereto can agree upon a reasonable monthly allowance to be paid to Georgina, I shall accept their recommendation; otherwise, I shall refer the question to a master. *Page 17