24 N.J. Super. 235 (1952)
93 A.2d 792
JOSEPH KURTZ AND DAVID BUSCH, PLAINTIFFS,
v.
BENJAMIN OREMLAND, PEARL OREMLAND, DAVID LEWIS AND ALBERT M. GREENFIELD & CO., A CORPORATION OF NEW JERSEY, JOINTLY AND SEVERALLY, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided December 17, 1952.
*238 Mr. Bernard Hellring for plaintiffs (Messrs. Greene & Hellring, attorneys).
Mr. Wm. Elmer Brown, Jr., for defendants David Lewis and Pearl Oremland.
Mr. David M. Perskie for Dunn's English Leather Shop, Inc. (Messrs. Perskie & Perskie, attorneys).
Mr. Carl Kisselman for defendant Albert M. Greenfield & Co.
HANEMAN, J.S.C.
This is a motion made by defendants David Lewis and Pearl Oremland to dismiss plaintiffs' complaint as to them, for the reasons that: (1) it fails to state a claim upon which relief can be granted; (2) it fails to charge said defendants with the violation of any duty which they owed to plaintiffs; and (3) it fails to charge the defendants with the infringement of or interference with any of plaintiffs' legal rights.
The complaint, in brief, sets forth the following facts:
1. On June 28, 1950 the plaintiffs entered into a contract with Dunn's English Leather Shop, Inc., hereinafter referred to as Dunn's, for the purchase of all of the fixtures and good will of a retail leather business operated by the said Dunn's at 1535 Boardwalk, Atlantic City, New Jersey. The said agreement contained the following provision:
"7. The seller agrees to transfer and assign to the buyers the lease to the said premises and all rights therein, said lease being dated April 4, 1950, made by Stanley Company of America and Dunn's English Leather Shop, Inc., a corporation of New Jersey; said transfer to take place at the time of final settlement on July 17, 1950. The aforesaid lease of April 4, 1950 provides that any assignment *239 of said lease shall require the written approval of the lessor, the Stanley Company of America, a Delaware Corporation. * * * If approval of lessor cannot be obtained, this agreement to be void and deposit refunded."
2. The defendant Albert M. Greenfield & Co., hereinafter referred to as Greenfield, was both the agent of Dunn's in connection with the sale, and the agent of Stanley Company of America, hereinafter referred to as Stanley, as owner and lessor of premises at 1535 Boardwalk.
3. Subsequent to the date of the plaintiffs' agreement with the said Dunn's, defendants David Lewis and Pearl Oremland entered into a conspiracy to prevent the plaintiffs from obtaining the approval of the lessor, as required by the agreement, and to obtain such approval for said David Lewis and Pearl Oremland, to the detriment and damage of said plaintiffs. The said Greenfield, as a part of said alleged conspiracy, then obtained an agreement for the purchase by Lewis and Oremland from Dunn's of the identical personalty theretofore covered by the first above referred to agreement with plaintiffs. This agreement with Lewis and Oremland contained a provision similar to that quoted from plaintiffs' agreement providing for a transfer of Dunn's lease with the Stanley Company. For obtaining the Lewis and Oremland agreement Greenfield was to receive a larger commission from them, and the Dunn's were to be free from paying the entire brokerage commission.
4. The plaintiffs were advised to transfer their information concerning their qualifications as an assignee of said lease to Greenfield as agent for the Stanley Company, and they did so. In furtherance of said conspiracy between Greenfield and Lewis and Oremland, the former, having thus obtained information from plaintiffs, proceeded further by contacting the Philadelphia office of the Stanley Company and furnishing to it false and misleading information as to both the plaintiffs and the said Lewis and Oremland. This conduct on the part of the defendant Greenfield was requested, furthered and procured by the said Lewis and Oremland. With *240 regard to the plaintiffs, the Greenfield defendant furnished the Stanley Company with information designed to deprecate and belittle the plaintiffs' financial standing, business experience, integrity, and the like, with the intent that the Stanley Company would disapprove an assignment to plaintiffs but would approve an assignment to said Lewis and Oremland. This conduct on the part of Greenfield and Lewis and Oremland was a malicious and wanton interference with the contract and the lawful business and occupation of the plaintiffs.
The above reference to the complaint is only a condensation of the factual allegations made by the plaintiffs.
Plaintiffs seek a judgment declaring that the said Lewis and Oremland are constructive trustees for the benefit of plaintiffs and that they shall turn over and transfer to the plaintiffs all of the said business operated and purchased from Dunn's, and for an accounting of the conduct of the same, and compensatory and punitive damages from all of said defendants, including the said Lewis and Oremland above referred to.
The motion here made is pursuant to Rule 3:12-2, and for the purpose of consideration thereof all of the facts well pleaded must be taken as true. Evangelista v. Public Service Coordinated Transp., 7 N.J. Super. 164 (App. Div. 1950).
Malicious interference with one's lawful business is actionable. The gravamen of a cause of action for malicious interference is conditioned upon the wanton, malicious and unjustifiable acts of others. Where, however, a loss occurs by reason of lawful competition, however sharp, the loss is one for which the law affords no redress. Louis Kamm, Inc. v. Flink, 113 N.J.L. 582 (E. & A. 1934); Louis Schlesinger Co. v. Rice, 4 N.J. 169 (1950); George F. Hewson Co. v. Hopper, 130 N.J.L. 525 (E. & A. 1943).
The movants have directed their argument to the various separate paragraphs of the complaint. These paragraphs may not be taken out of the context, but the entire *241 complaint must be read together in order to ascertain whether a good cause of action has been pleaded. They stress that there was no duty or obligation from them to the plaintiffs. It is not necessary, to succeed under the theory of Louis Kamm, Inc. v. Flink, that there be any duty owed the plaintiffs arising from a contract. A total stranger without any contractual relationship may be held liable for his malicious and wanton interference with a contract or the business of the plaintiffs. For the purpose of this motion, the complaint is held to be sufficient.
The movants have as well argued that under Rule 3:9-1 the particulars of the fraud have not been pleaded with the particularity required. In Evangelista v. Public Service Coordinated Transp., 7 N.J. Super. 164, it was said:
"The main purpose of the requirement of Rule 3:9-1, that the particulars of the wrong shall be stated so far as practicable, is to require the pleader to state the facts which are relied on as constituting the wrong with enough particularity to enable the person charged to deny or disprove or explain these facts. It was not intended to encourage motions to strike pleadings or motions for judgment on the pleadings. See comment to Rule 3:9-2 (now Rule 3:9-1) in tentative draft of the rules."
Implicit in this pronouncement would seem to be the suggestion that prior to a motion under the cited rule the defendants should attempt to elicit the particulars of the fraud by either (1) a demand for more particular statement; (2) interrogatories, or (3) depositions. These avenues are still open to the defendants.
Movants have further argued that there can be no constructive trust, particularly since the court is powerless to force Stanley Company to accept plaintiffs as assignees of the above referred to lease.
In Moses v. Moses, 140 N.J. Eq. 575 (E. & A. 1947), the court said:
"The fraud giving rise to a constructive trust may be either actual or constructive; it suffices in this regard if the retention of the property *242 would constitute an unconscionable advantage by the holder of the legal title over the grantor. * * *
The doctrine of equitable relief is grounded in the requirement of conscience and good faith in one's relations with another, measured by the common standard of civil right and justice. Whenever a legal estate is vested in A, but under circumstances which according to settled equitable doctrine entitle B to the land, or some interest therein, equity secures B's rights, not by annulling or ignoring A's legal estate, but by charging A's conscience with a trusteeship for B's benefit and the duty of consummating B's equitable ownership by a conveyance. Pom. Eq. Jur. (5th ed.), sections 56, 57, 58, 398, 430, 431."
Conceding, for the sake of argument, the correctness of defendants position in regard to this ground, relief can still be granted under the demand here made by (1) declaring a constructive trust of all that these defendants received under their contract, and (2) in the event an approval of the assignment of the lease cannot be obtained, an admeasurement of the compensatory damages resulting from the failure to obtain such approval.
As preliminary to all of the above, the plaintiffs must, of course, prove that but for the acts of the conspirators the assignment to plaintiffs would have been approved and plaintiffs' contract of purchase completed.
The motion, for the foregoing reasons, will be denied.