44 N.J. Super. 28 (1957)
129 A.2d 577
HAZEL S. DAY, PLAINTIFF-APPELLANT,
v.
BERNARD A. GROSSMAN, EXECUTOR AND TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF ALEXANDER S. WILSON, DECEASED, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 11, 1957.
Decided February 25, 1957.
*31 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Archie Elkins argued the cause for appellant.
Mr. John B. O'Neill argued the cause for respondent (Messrs. Milton, McNulty and Augelli, attorneys; Mr. Charles J. Milton, of counsel).
The opinion of the court was delivered by JAYNE, J.A.D.
One Alexander S. Wilson, a resident of the City of Bayonne, died testate on December 27, 1954. His last will and testament, dated January 21, 1953, was duly admitted to probate on January 7, 1955, and the defendant conformably with the nomination in the will qualified as the executor and trustee of the decedent's estate.
Of present relevancy is article "Fifth" of the will which reads:
"Fifth: As to the trust fund herein, created and to be created from the proceeds of my stock holdings in and ownership of the business of A.S. Wilson, Inc., as set forth above, and created further from the funds on deposit to my personal account, in banks, I do give, devise, bequeath and apportion same as follows, viz.:
a. To Hazel S. Day, for life, the sum of $2,500. (twenty five hundred dollars) per year, in quarterly, semi-annual or annual payments as the trustee may find best suited for the welfare of the said beneficiary. And as long as the said beneficiary remains single, and accordingly in need of maintenance and support, and if in that period, in the discretion of the trustee it becomes necessary to invade *32 the principal of the trust estate for the benefit and welfare of the said beneficiary, the trustee may and he hereby is given power and discretion to do so, to the extent he deems necessary.
b. Upon the death of said Hazel S. Day, the balance of said trust fund, if there be any balance left, to then be held by the trustee for the account of the said William Wilson, Jr. and Robert Wilson, my grandchildren, share and share alike, and to be paid to them by the trustee, upon their reaching twenty-one (21) years of age. The corpus of this remainder, if any, may be held in the discretion of the trustee as a common fund, or in equal, separated funds, for the account of each infant."
The annuitant, Hazel S. Day, has remained unmarried and has persistently requested the defendant in the exercise of his fiduciary discretion to increase the amount of the annuity for her benefit and welfare in pursuance of the power and authority conferred upon him by the terms of the testator's will. The defendant has declined to grant her requests.
The annuitant, evidently conceiving the refusals of the defendant to be arbitrary and unreasonable in the existing conditions, sought relief in the Chancery Division. Her complaint charged that the defendant "has abused his discretion in refusing to make a larger payment to plaintiff for her maintenance and support" and prayed for an order directing the defendant in his fiduciary capacity to pay to plaintiff the annual sum of $5,000 or such increased sum above $2,500 "as the court feels plaintiff is justly entitled to for her proper maintenance and support."
In response to the defendant's motion, the judge of the Chancery Division dismissed the complaint, disclosing in his order two specific reasons: the one, that the complaint failed to state a cause of action for which relief could be granted; and the other, that the remaindermen of the trust were not made parties to the action.
We immediately acquiesce in the conclusion of the Chancery Division judge that in an action of this object and nature implicating a reduction in the corpus of the trust, the remaindermen, one of whom is an infant, are necessary and indispensable parties in interest. A determination *33 of the action in favor of the plaintiff would likely affect their interests in the trust estate. The principle is exemplified in the following decisions: Read v. Patterson, 44 N.J. Eq. 211 (E. & A. 1888); Pfefferle v. Herr, 65 N.J. Eq. 325 (Ch. 1903); In re Ungaro's Will, 88 N.J. Eq. 25 (Ch. 1917); In re Kiger's Estate, 98 N.J. Eq. 512, 514 (Ch. 1925); Woulfe v. Atlantic City Steel Pier Co., 129 N.J. Eq. 510, 516 (Ch. 1941). Cf. Ajax Electrothermic Corp. v. First Nat. Bank of Princeton, 7 N.J. 82, 90 (1951).
The omission to join the remaindermen of the trust as parties to this action was improper. However, it has been the traditional practice in a court of equity to retain a bill (now complaint) pending the addition of new parties. Plumley v. Plumley, 8 N.J. Eq. 511 (Ch. 1851); Broad Street National Bank v. Holden, 109 N.J. Eq. 253 (Ch. 1931); Spitz v. Dimond, 131 N.J. Eq. 186, 188 (E. & A. 1942).
We proceed to the consideration of the other reason for which the complaint was dismissed. Preliminarily, it is observed that defendant's notice of motion definitely specified as its grounds in addition to the improper omission of necessary parties also that the court lacked jurisdiction of the subject matter and that the complaint failed to state a claim upon which equitable relief could be granted. The motion was manifestly addressed to the court pursuant to R.R. 4:12-2, and its functional scope was that of the former demurrer at common law, accompanied for immediate purposes by the acknowledgment that the factual allegations of the complaint are to be accepted as true. Kurtz v. Oremland, 24 N.J. Super. 235, 240 (Ch. Div. 1952); Orrok v. Parmigiani, 32 N.J. Super. 70 (App. Div. 1954).
We are aware that in this instance the affidavit of the defendant and a copy of the testator's will were attached to the notice of the motion and a counter-affidavit of the plaintiff was presented to the court at the hearing of the motion. See, R.R. 4:12-3; Toth v. Vazquez, 3 N.J. Super. 379 (Ch. Div. 1949); Horelick v. Pennsylvania R. Co., 13 N.J. 349, 351 (1953). However, in the consideration of *34 a motion under R.R. 4:12-2, the judge may in his discretion exclude accessory affidavits. Horelick v. Pennsylvania R. Co., supra.
Some discussion of the stated grounds of the motion is apt. First, that the Chancery Division lacked jurisdiction of the subject matter. Not so. Within the original inherent jurisdiction of Chancery abides its administrative and supervisory jurisdiction over the management and preservation of trusts. While its powers in that field of our jurisprudence are not illimitable, yet the frequently expressed notion that Chancery may not authorize and direct trustees to pursue a course or perform acts which they are not expressly authorized to do or, indeed, permitted to do under the terms of the trust is fallacious. Consult, 2 Scott, Trusts, §§ 167 et seq.; 3 Bogert on Trusts, § 562 et seq.; 2 Perry, Trusts (7th ed.), § 764; 1 Restatement, Trusts, § 167; Lambertville National Bank v. Bumster, 141 N.J. Eq. 396 (Ch. 1948); Burlington County Trust Co. v. Kingsland, 18 N.J. Super. 223 (Ch. Div. 1952).
Then, too, equity has for centuries entertained complaints alleging arbitrary, capricious, and unreasonable conduct of fiduciaries in the administration of trusts. Its jurisdiction to hear and determine such complaints and afford a remedy where justified is likewise inherent.
The invocation of the supervisory and remedial jurisdiction of Chancery by a testamentary life annuitant who desires to inaugurate a judicial inquiry concerning the good faith of the trustee in the exercise of his discretionary authority to determine the adequacy of a maintenance annuity in ensuing eventualities is not neoteric. One needs only to achieve an acquaintance with the alleged causes of action in such cases as Holcomb v. Executors of Holcomb, 11 N.J. Eq. 476, 485 (Ch. 1858); Read v. Patterson, 47 N.J. Eq. 595 (E. & A. 1890); Crocheron v. Savage, 75 N.J. Eq. 589 (E. & A. 1909); O'Gorman v. Crowley, 81 N.J. Eq. 520 (E. & A. 1913); Turnure v. Turnure, 89 N.J. Eq. 197 (E. & A. 1918); Strong v. Dann, 90 N.J. Eq. 329 (Ch. 1919); Swetland v. Swetland, 100 N.J. *35 Eq. 196 (Ch. 1926), affirmed 102 N.J. Eq. 294 (E. & A. 1928); Titsworth v. Titsworth, 107 N.J. Eq. 436, 443 (Ch. 1931); Tansey v. New Brunswick Trust Co., 124 N.J. Eq. 558 (Ch. 1938); Camden Safe Deposit & Trust Co. v. Read, 124 N.J. Eq. 599 (Ch. 1939); Commonwealth-Merchants Trust Co. v. Seglie, 127 N.J. Eq. 160 (Ch. 1940); Conlin v. Murdock, 137 N.J. Eq. 12 (Ch. 1945). Particularly informative are Scott on Trusts (2d ed.), § 187 and § 575 et seq., and 6 N.J. Practice (Clapp, Wills and Administration), § 575; Restatement on Trusts, § 187.
True, the plaintiff expressed in her complaint the anticipatory contemplation that she was entitled to an allowance from the testator's estate of an annual monetary sum which would enable her to continue to live on the same level of comfort and gratification to which she was fortunately accustomed during the lifetime of the testator. Assuredly, under the terms of the testator's will it is neither a right of the plaintiff nor the absolute unqualified and unrestricted power of the defendant personally to establish free of judicial interference the amount of the annuity to be paid in excess of the stated minimum. Cf. New Jersey Title Guarantee & Trust Co. v. Dailey, 123 N.J. Eq. 205, 209 (Ch. 1938). So, in her prayer for assistance the plaintiff obviously implored the court to direct the trustee to pay to her such increased amount as the court should determine to be reasonably necessary after a consideration of the factual circumstances, the expectations foreseen by the testator in his will, and the proprieties or improprieties of the discretionary conduct of the trustee.
All pleadings shall now be so construed as to do substantial justice. R.R. 4:8-6. Pleadings impugned as failing to allege a cause of action or defense will be liberally construed in favor of the pleader. Motions for judgments addressed to the face of the pleadings, particularly those grounded upon technical imperfections, are not now favored by the courts. Evangelista v. Public Service Coordinated Transp., 7 N.J. Super. 164, 167 (App. Div. 1950). The *36 arbitrary, capricious, impracticable or unwarranted state of mind of a fiduciary may be alleged generally. R.R. 4:9-1.
Here the plaintiff in her complaint declares that the defendant in the particular disclosed is abusing his fiduciary obligation. The defendant by his affidavit forecasts his denial of the allegation. The controversial issue when framed by the pleadings will apparently be one basically of fact relating largely to the bona fides and circumstantial justification of the conduct of the trustee.
Equitable relief is embedded in the requirement of conscience and good faith in one's relations with another, measured by the characteristics of the relationship and by the common standard of right and justice. The portals of Chancery are normally open to a cestui que trust.
There are three features of the record that have also engaged our collateral attention. We may first refer to the second paragraph of the plaintiff's complaint:
"2. The said Alexander S. Wilson, during his lifetime, and for a period of seventeen years prior to his death, received services from plaintiff as social secretary, regular secretary, companion, aid and assistant, travelling aid and companion, chauffeur, housekeeper, including services rendered by plaintiff during the last illness of said Alexander S. Wilson, and such other miscellaneous duties requested of her by said Alexander S. Wilson, particularly because of the fact that said Alexander S. Wilson was blind and unable to get about easily and freely, and was unable to take care of his own personal requirements and needs."
Then, to the following prefatory acknowledgements expressed in the testator's will:
"It is now appropriate for me to consider how to dispose of what I have accumulated in the course of a struggle against handicaps that do not face the average business man.
I am grateful to all those who gave me their understanding in that struggle.
But it is not possible to pro-rate appreciation for the kind word, and helping hand, and to translate it into terms of money.
Under such circumstances, something of the spirit is more important than mere money; and so I give to all of them, for their lifetime, such encouragement and inspiration as may come from the remembrance that a man who was limited by blindness almost all *37 of his adult years was able to face the struggles of life, and see them through.
I know that problems arise in every life. I wish to my friends Godspeed in theirs.
And as to the more formal parts of this instrument, I do provide as follows."
Next, our observations converge upon the residuary clause of the will in which the testator employed the following significant language: "Upon the death of said Hazel S. Day, the balance of said trust fund, if there be any balance left * * *," and "The corpus of this remainder, if any * * *."
Seemingly those quotations expose the primacy of the testator's interest in "the benefit and welfare" of the plaintiff and also reveal the reason for the bestowal upon the trustee of testamentary authority "to invade the principal of the trust estate" if and when necessary for the plaintiff's well-being.
Let it be definitely understood that we are here treating only the determination by the trial judge of the preliminary motion. The ultimate decision of the cause on the merits must necessarily await, and depend upon, the nature of the proofs adduced.
In the light of the foregoing reasons, it is our conclusion that the plaintiff should be afforded a plenary hearing and to that end the order dismissing the complaint is reversed and leave granted the plaintiff to amend the complaint by adding thereto the omitted parties in interest. Costs to abide the result.