HOWARD PALMER, PLAINTIFF, v. JOHN B. TOMLIN, DEFENDANT.

Submitted October 14, 1927—Decided March 22, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justice BLACK.

For the rule, *Starr, Summerill & Lloyd*.

*Contra, Carlton Godfrey* and *William I. Garrison*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff brought this suit to recover compensation for injuries received by him through being run down by an automobile of the defendant while at-

tempting to cross New road at the intersection of White Horse Pike, in the city of Absecon city. The defendant in his answer denied that the accident resulted from any negligence upon his part, and further alleged that after its occurrence the plaintiff executed a release of any right to recover compensation from him by reason of the accident. The trial resulted in a verdict in favor of the plaintiff, and the defendant thereupon applied for and obtained a rule to show cause why this verdict should not be set aside.

The principal contention made before us is that the court erred in refusing to direct a verdict for the defendant upon the ground that the plaintiff was barred from a recovery by the signing of the release which he delivered to the defendant's agent. The execution of the release was admitted; that is, the plaintiff admitted signing the paper, but asserted that he had been induced to do so by a fraudulent misrepresentation of its contents made to him by the defendant's agent, who brought it to him for his signature, and that he signed it without first examining it, because his spectacles had been broken in the accident and he could not read without them. With relation to the alleged false representation made by the agent of the defendant, the plaintiff's testimony was that this agent, after inquiring what plaintiff's earnings were, and being informed that they were approximately $50 a week, said the defendant would pay him for three weeks' loss of earnings, and also $50 for his doctor's bill, if he would sign the paper, to which plaintiff replied: "Listen. Suppose I am not out in that time. Suppose I am more seriously injured. What then?" To which defendant's agent said: "Well, that matters not. If you are not out, it is the same thing. This is only a receipt on account, and that if I wasn't out they would see that I was taken care of free." He further testified that it was solely upon this representation that he signed the paper.

The trial court, in dealing with the motion to direct a verdict, properly considered that all of the evidence which supported the view of the party against whom it was made must be taken as true; following *Andre* v. *Mertens,* 88 *N.*

*J. L.* 626; *Mulrooney* v. *O'Keefe*, 98 *Id.* 853; *Maudsley* v. *Richardson & Boynton Co.*, 101 *Id.* 561; and that the testimony of the plaintiff, accepting it as true, showed fraud in the procuring of the release from him, and, consequently, nullified it. We concur in this conclusion. Although it is a presumption of law that a release is a bar to the cause of action referred to therein, yet, where it appears that the releasor was induced to sign the paper by fraud practiced upon him by the other party, such release is no bar to his recovery; and where the fraud is a matter in dispute it is a question for the jury. *Alexander* v. *Brogley*, 63 *Id.* 307; *Dunston Lithograph Co.* v. *Borgo*, 84 *Id.* 623; *Fagan* v. *Central Railroad Co.*, 94 *Id.* 454.

The only other ground upon which we are asked to direct a new trial is that the finding of the jury was necessarily based upon the conclusion that the release above referred to was procured by the fraud of defendant's agent, and that this conclusion, as counsel claims, is contrary to the weight of the evidence. Our examination of the testimony sent up with the rule satisfies us that we should not set aside the verdict for the reason indicated. The jury heard the witnesses for the respective parties with relation to the signing of the release, and had the opportunity of observing their demeanor while testifying. It was its function to determine the degree of credit to be given to each of them. In a conflict of testimony, when the facts found by the jury will sustain the verdict, this court ought not to set it aside merely because, in our opinion, the jury, upon the evidence submitted, would have been justified in reaching a different conclusion. *Knickerbocker Ice Co.* v. *Anderson*, 31 *N. J. L.* 333; *Queen* v. *Jennings*, 93 *Id.* 353, 358.

The rule to show cause will be discharged.