MARY A. WEST, COMPLAINANT-RESPONDENT, v. HARRY MARRITZ ET AL., DEFENDANTS-APPELLANTS.

Submitted May 27, 1932—Decided October 17, 1932.

For the appellants, *Isadore H. Hermann.*

For the respondent, *Joseph Beck Tyler.*

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. This is an appeal from an order of the Camden Circuit Court striking out an answer in a proceeding to foreclose a mortgage, such proceeding having been taken under authority of the statute. 3 *Comp. Stat., p.* 3412, §§ 9, *et seq.* There is no final judgment in the proceeding, so far as the record before us discloses, but this, apparently, is not necessary because by section 14, *supra,* it is provided: "That all persons aggrieved by an order or decree of any Circuit Court, in mortgage cases, may appeal from the same, or any part thereof, to the Court of Errors and Appeals * * * *."

It appears that the complainant was the holder of a mortgage of $10,000 covering certain property in the borough of Collingswood, Camden county; that the owner had conveyed a portion thereof to one Simon Levy, and it is said that

at the time of such conveyance the attorney for the complainant-mortgagee, for her, had offered to release the property so conveyed from the lien of her mortgage for the sum of $6,000, together with the payment of the interest due upon the entire mortgage up to the time of settlement under such sale, and also upon payment, of a proper apportionment of the taxes. This was February 1st, 1930. Title was taken and subsequently, in April, 1930, the complainant-mortgagee, filed a bill in Chancery to foreclose her mortgage, and it is asserted that upon the payment to her of the interest then due this proceeding was discontinued. On July 27th, 1931, the present proceeding to foreclose the mortgage was commenced in the Circuit Court.

The appellants, Levy, as well as the Mercantile Securities Company, filed answers.

The Mercantile Securities Company appears to hold a mortgage upon the portion of the mortgaged premises purchased by Levy, which mortgage is subject to any lien of the complainant's mortgage against such portion of the whole mortgaged property, to which Levy holds title.

Generally speaking, the answers set up the agreement to release appellant Levy's portion of the mortgaged lands in accordance with the agreement before referred to; that such agreement was accepted by Levy; that pursuant to, and under it, payments on account of principal and interest had been made; that it is a subsisting and existing agreement by which the complainant is bound, and that the appellant Levy was ready, able and willing to pay the balance of principal consideration of $6,000, amounting to $5,725 and all interest, taxes, costs and other liens, and that the complainant should not have a judgment or decree against the appellants or their lands, for more than such an amount.

Notice was given to strike out these answers upon the following grounds:

1. That the facts alleged by way of defense are untrue.

2. That the answers are sham and frivolous.

3. "For the reasons stated in the affidavit hereto annexed."

The matter came on before the Circuit Court, upon affi-

davits, and the order appealed from, striking the answers, was the result. There is no opinion of the court below nor are there any reasons or conclusions upon which such order was based, except the recital therein, "and the court being satisfied that the agreement set forth in the answer was never accepted, nor was there ever any consideration therefor."

Counsel for the respondent undertakes to present two reasons, or grounds, moving and justifying the court below in making the order before us.

The first is: "That settlement under the prior agreement was not a consideration because the appellant was only doing that which he was already bound to do."

By "the prior agreement," no doubt, there is intended to be referred to the agreement of purchase between Levy and the mortgagor. As to what this agreement was there is no proof, except by inference, from the following portion of the complainant-mortgagee's affidavit, namely: "The three brick stores erected upon a part of the said premises were so erected and built prior to February 1st, 1930, by the defendant Simon Levy for Harry Marritz, and the matter of the complainant releasing a part of said mortgaged premises did not come up until said stores were erected."

In the brief of counsel for the respondent it is said that the situation was that the appellant Levy was erecting these stores for Marritz, the owner, and the latter being unable to pay therefor, Levy was obliged to take title to the property upon which they were erected. However, we find nothing in the proofs before us, as having been before the court below, which goes to establish this. Further, against the argument thus presented by respondent, it can readily be deduced from the affidavit of the appellant Levy that the agreement to release of February 1st, 1930, was an inducement to him to complete, and consummate, the purchase of the property. In such affidavit he says that he made arrangements to purchase the property on December 16th, 1929; that at that time he knew that there existed the mortgage of complainant for $10,000 covering the property and that, before settlement, he had made arrangements to release the lands to be con-

veyed to him for $6,000 under and through the before mentioned agreement of February 1st, 1930.

The second reason advanced by counsel for the respondent why the answers were stricken out is, that part payment on account of the mortgage was not a consideration as it was purely voluntary and part satisfaction only of an existing debt and there was no agreement that it should be treated otherwise.

But this, whatever its legal soundness may be, cannot be sustained by the proofs before the court below as they are returned to us.

The affidavit of the appellant Levy shows that on December 22d, 1930, and again on May 29th, 1931, payments were made by him on account of principal, and receipts were given him by the complainant-mortgagee, which by their very language show, and establish, that such payments were not made and received on account of the entire or principal mortgage of $10,000, but what is therein referred to as being a mortgage of $6,000 evidently, and undoubtedly, having reference to the amount of the consideration for the release of the mortgaged lands, held for Levy, and as contained in, and provided for, by the alleged agreement for release of February 1st, 1930. It further appears that interest also was paid by the appellant Levy to the complainant upon this same principal amount.

The appellant urges three grounds for reversal of the order before us.

1. The answers set forth questions of fact, which were not sham, and the cause should have been decided at final hearing.

2. There was a valid and subsisting agreement between the parties to release a portion of the mortgaged premises upon the payment of $6,000.

3. Respondent is estopped from demanding the entire amount of the mortgage sought to be foreclosed from appellant but, on the contrary, respondent is limited to demand the unpaid balance of the proportionate share of the mortgage due from appellant, to wit, $5,725, together with interest and costs.

If the facts asserted in the answers were true we are inclined to the thought that the appellants would be entitled to the relief sought thereby.

The exact and complete facts, and particularly the truth of them was in controversy, as presented to the court below and therefore the answers should not have been stricken, but the cause should have gone to final hearing. *Brown* v. *Purcel,* 100 *N. J. Eq.* 319; *Waring* v. *Jobs,* 104 *N. J. L.* 158; *Engler* v. *Buesser,* 106 *N. J. Eq.* 173.

To warrant the court in striking out a plea it must be so palpably false or insufficient in law as to enable the court to conclude that the defendant is seeking delay or trifling with the process of the law. *Muhlenbeck* v. *West Hoboken,* 2 *N. J. Mis. R.* 7.

The order under review is therefore reversed, with costs.

*For affirmance*—None.

*For reversal*—The Chancellor, Trenchard, Parker, Lloyd, Case, Bodine, Donges, Brogan, Van Buskirk, Kays, Dear, Wells, Kerney, JJ. 13.