This appeal brings up for review the determination of facts and the rule for judgment of the Union County Court, affirming the order of dismissal of the Workmen's Compensation Bureau.
Petitioner-appellant was employed as a laborer by the respondent when, on December 12, 1946, he sustained an accident which caused his alleged injuries. There seems to be no dispute that appellant suffered an accident which arose *Page 340 
out of and in the course of his employment with the respondent. It was stipulated between the parties that the compensation rate is $25 per week and that appellee paid appellant temporary disability for 20 weeks from the date of the accident to April 30, 1947. Appellant claims, however, that the Deputy Commissioner and the County Court erred in determining that the evidence did not support appellant's claim for permanent disability.
Appellant testified that on December 12, 1946, he and a fellow employee were attempting to carry a rock weighing between 200 and 250 pounds out of a four foot cellar. As they were carrying the rock on a plank, the rock rolled towards appellant's end of the plank so that he was caused to bear the entire weight of the rock. When the rock shifted, he felt a sharp pain in his back, causing him to let the plank down and to fall backwards. He spent sometime in the hospital and claims that since the accident he is unable, because of the pain, to walk normally in an erect position, and has only been able to walk with the upper portion of his body bent over. He further complains of pain in the lumbar area which radiates down his legs and of his inability to sleep or climb steps. Furthermore, he claims, he is now nervous and sexually incapacitated.
The medical testimony on behalf of both parties was in conflict. The doctors testifying for respondent denied that appellant had any permanent disability.
Appellant appeared at the hearing before the Deputy Commissioner in a stooped condition. Motion pictures received into evidence disclosed that appellant did stand erect and that he had a normal gait as compared to his posture in the courtroom. Furthermore, the Deputy Commissioner states, in his written determination of facts, that, after the motion pictures were displayed, the appellant straightened up from the position he had maintained prior thereto.
The issue presented for our determination is whether appellant has proved, by the greater preponderance of the credible evidence, that any claimed disability arose out of and in the course of his employment for the respondent. *Page 341 
In view of the fact that the Deputy Commissioner had the distinct advantage of personal observation of the witnesses, his conclusions, when based upon competent evidence, will not be lightly disturbed. Gilbert v. Gilbert Machine Works, Inc.,122 N.J.L. 533 (Sup. Ct. 1939).
After careful review of the testimony, we agree with the conclusions reached by both the Deputy Commissioner and the Union County Court, that appellant failed to sustain his claim of disability.
The judgment under review is affirmed.