7 N.J. Super. 164 (1950)
72 A.2d 534
ANNA EVANGELISTA AND JOHN EVANGELISTA, PLAINTIFFS-APPELLANTS,
v.
PUBLIC SERVICE COORDINATED TRANSPORT, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 16, 1950.
Decided April 10, 1950.
*166 Before Judges McGEEHAN, COLIE and EASTWOOD.
Mr. Stephen Mongiello argued the cause for appellants.
Mr. Luke A. Kiernan, Jr., argued the cause for respondent (Mr. Carl T. Freggens, attorney).
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
This appeal is from a judgment on the pleadings entered in the Hudson County Court, Law Division, in favor of the defendant and against the plaintiffs.
The complaint alleged that Anna Evangelista, while alighting from a trolley car owned and operated by the defendant, was thrown to the ground, due to the negligence of the defendant, and sustained personal injuries. She sued to recover for her personal injuries and her husband, John, joined in the suit to recover for the loss of consortium and for moneys expended in an effort to cure her. The answer admitted ownership and operation of the trolley car, denied the other allegations of the complaint, and set up defenses of contributory negligence and assumption of risk and a fourth defense "that subsequent to the happening of said alleged accident the plaintiff, Anna Evangelista, executed and delivered a release under seal discharging and barring any and all claims for injuries arising out of the said alleged accident." The plaintiffs' amended reply to the fourth defense denied the allegations thereof and charged that whatever release was procured "was obtained under fraud and duress and under *167 misrepresentation by the defendant and its agents" followed by a statement of the particulars of the wrong. See Rules 3:7-1 and 3:9-1. The defendant's motion for judgment was granted on the ground that the allegations in the plaintiffs' amended reply "did not set forth a defense at law to defendant's fourth separate defense in the answer."
The plaintiffs have chosen to attack the judgment on the single ground that the charge of fraud and the particulars thereof contained in the reply were sufficient at law, for the purposes of the motion, to put in question the validity of the release signed by Anna.
The power to grant judgment on the pleadings should not be exercised unless the legal insufficiency is clear and palpable. For the purposes of the motion, the defendant admits the truth of all facts well pleaded in the reply and all legitimate inferences which can be drawn therefrom. Kelly v. Hoffman, 137 N.J.L. 695 (E. & A. 1948). The motion for judgment on the pleadings is not favored by the courts; and pleadings alleged to state no cause of action or defense will be liberally construed in favor of the pleader. 41 Am. Jur., Pleading, § 336; cf. West v. Marritz, 109 N.J.L. 321 (E. & A. 1932).
Plaintiffs contend that the amended reply sufficiently alleges a legal defense of fraud which, if supported by the evidence, would, at least, raise a jury question. When a defendant pleads a release, the plaintiff may attack it on the ground of fraud if the signature was obtained by fraud or imposition practiced upon the signer with intent to deceive him as to the purport of the paper signed, and when the fraud is in dispute it is a question for the jury. Mannion v. Hudson & Manhattan R.R. Co., 125 N.J.L. 606 (Sup. Ct. 1941); affirmed. O.B., 127 N.J.L. 230 (E. & A. 1941); Fagan v. Central Railroad Co., 94 N.J.L. 454 (E. & A. 1920); Palmer v. Tomlin, 104 N.J.L. 215 (Sup. Ct. 1928); McDonald v. Central R.R. Co., 89 N.J.L. 251 (E. & A. 1916). While the amended reply is inartistically drawn, we think its allegations, considered in the light most favorable to the plaintiffs, *168 do plead fraud sufficiently to withstand the defendant's motion and to permit the plaintiffs to put in their evidence.
Defendant relies upon the rule that when one challenges a release in a court of law, that challenge must necessarily be based on the fraud or deceit of the party who procured its execution, and not upon the failure of the claimant to comprehend the effect of his act in signing it. Kearney v. National Grain Yeast Corp., 126 N.J.L. 307 (E. & A. 1941); McKenna v. Montclair Police, &c., Commission, 121 N.J.L. 206 (Sup. Ct. 1938); Vellekoup v. D. Fullerton & Co., 79 N.J.L. 16 (Sup. Ct. 1909); Fivey v. Pennsylvania R.R. Co., 67 N.J.L. 627 (E. & A. 1902); Hegedus v. Thomas Iron Co., 94 N.J.L. 292 (Sup. Ct. 1920).
The defendant contends that the amended reply does not constitute a legal defense to the pleaded release because it sets forth that Anna knowingly signed the release and that she was ignorant of its legal effect. This contention unwarrantedly assumes an admission in the reply that Anna knew that she was signing a release, and overlooks the further allegations that while Anna was at her home disabled by the leg injury sustained in the accident, defendant's agent. Hoffman, visited her every day for two weeks in an effort to effect a settlement; that Anna's signature was obtained by him on his representation that Anna would not in any way be barred from reopening the case or instituting suit if her leg injury became worse; that if the leg injury became worse, he would gladly discuss the matter with her for the purpose of paying her additional compensation; that Anna relied on Hoffman's representation when she signed; that her leg injury became worse and required an operation; that Anna called Hoffman to inform him of the increased disability and was informed that she had signed a release and the defendant was no longer liable.
The main purpose of the requirement of Rule 3:9-1, that the particulars of the wrong shall be stated so far as practicable, is to require the pleader to state the facts which are relied on as constituting the wrong with enough particularity *169 to enable the person charged to deny or disprove or explain these facts. It was not intended to encourage motions to strike pleadings or motions for judgment on the pleadings. See comment to Rule 3:9-2 (now Rule 3:9-1) in tentative draft of the Rules.
The judgment is reversed.