37 N.J. Super. 224 (1955)
117 A.2d 175
WILLIAM B. SHARAV, PLAINTIFF-RESPONDENT,
v.
RUTH C. SCOTT, TRADING AS H. SCOTT EXCAVATING, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 27, 1955.
Decided October 13, 1955.
*225 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Lawrence Friedman argued the cause for the defendant-appellant.
Mr. Stanley G. Bedford argued the cause for the plaintiff-respondent (Messrs. Mead, Gleeson, Hansen & Pantages, attorneys; Mr. Louis J. Pantages and Mr. Peter W. Mitchell, of counsel).
The opinion of the court was delivered by FREUND, J.A.D.
On May 22, 1954 the plaintiff William B. Sharav entered into an agreement with the defendant Ruth C. Scott, trading as H. Scott Excavating, to cut trees, remove stumps, excavate a foundation and driveway, and backfill soil to the foundation of the plaintiff's new home, for an agreed sum of $425, of which $300 was payable when the cellar was dug and $125 when the backfilling was completed. The defendant started the work in early June, at which time the plaintiff orally agreed to pay an additional $75 for the removal of two trees. On July 19, 1954 the *226 defendant filed with the county clerk a notice of intention in accordance with N.J.S. 2A:44-71. On July 29, 1954 the plaintiff paid $300 to the defendant on account of the original agreement. The plaintiff testified that in October 1954 the parties entered into a second oral agreement for additional work in the amount of $25 and that during the last week of November they entered into a third oral agreement for the defendant to remove another tree for $35; also that subsequent to July 29, 1954 work remained to be done on the original contract. He further testified that the work covered by the original agreement was never completed and that the last time any work was done on the property was in November 1954. Further, that until February 1955 he had continual discussions with the defendant requesting that the work be completed, and that he then contracted for its completion with another contractor.
The defendant testified that the work agreed to be done under the original agreement was completed on or about July 16, 1954 and that the first extra work was started on July 17, 1954. She further testified that she did additional work on the plaintiff's property on various dates up to December 21, 1954, which testimony was corroborated by one of her employees. Although she asserted that the work under the original agreement was completed on July 16, 1954, she admitted that she never billed the plaintiff for the unpaid balance of $125 due when the foundation was back-filled.
On April 4, 1955 the plaintiff obtained an order to show cause and filed a verified complaint demanding judgment discharging of record the notice of intention filed July 19, 1954 by authority of N.J.S. 2A:44-116. The defendant filed an answering affidavit alleging completion of the work under the original agreement and that she had done extra work subsequent to July 19, 1954 which was completed on December 21, 1954, for which she had not been paid.
On April 11, 1955, during the pendency of the instant suit, the defendant filed a mechanic's lien, based on the notice of intention filed on July 19, 1954. On April 25, *227 1955 a summons and complaint were served on the plaintiff in a mechanic's lien suit, demanding judgment for $534 due for work done on the plaintiff's property, but there have been no further proceedings therein.
The trial court awarded judgment discharging the notice of intention for the reasons that the defendant had "abandoned the agreement" and that the notice referred to work already done for which it could not support a lien. From the entry of the foregoing judgment the defendant appeals, asserting that she filed her notice in accordance with N.J.S. 2A:44-71 prior to performing the extra work, that there was no abandonment of the agreement and that she having filed her lien claim and instituted suit thereon the court should not have assumed jurisdiction to discharge the notice of intention in a summary manner under N.J.S. 2A:44-116. That section provides that when a notice of intention has been filed and the claim therefor has been paid, satisfied, abandoned or settled by the parties, the filing party should by certificate acknowledge the discharge of the notice of intention and, failing this, the court may inquire into the matter in a summary way and, upon good cause being shown, order the notice of intention discharged.
The trial court interpreted N.J.S. 2A:44-71 to require the filing of a notice of intention prior to the performance of any labor or the furnishing of any material. We do not regard it as necessary to pass upon the question insofar as a lien for work done or materials furnished subsequent to the filing of the notice is concerned. See Naidech v. Hempfling, 127 N.J.L. 430 (Sup. Ct. 1941).
The Mechanics' Lien Statute, N.J.S. 2A:44-64 et seq., provides a strict remedy and must be strictly construed. Smith & Richards Lumber Co., Inc., v. Hurley, 116 N.J.L. 429 (E. & A. 1936). N.J.S. 2A:44-116 is only a single procedure in a carefully developed statutory plan for the protection of mechanics and materialmen, and also for a property owner's defense against improper claims. It is obvious from the statute that the summary remedy for the discharge of a mechanic's notice of intention under *228 N.J.S. 2A:44-116 was intended to be exercised only where the claim "[had] been paid, satisfied or settled by the parties or abandoned by the party filing the notice." It is equally clear that it was not intended to be the basis for conducting in a summary manner a contested proceeding as to the merits of a disputed claim or to determine whether the statutory requirements for a lien on such a claim had been met by the claimant. Where, as here, a lien claim is being contested, N.J.S. 2A:44-116 is not applicable. There are other statutory provisions designed to expedite the disposition of a litigated lien claim, N.J.S. 2A:44-117 et seq. In the instant proceeding, the trial court in a summary manner inquired into the merits of the controversy between the parties. Such action was, in view of the statutory provisions for plenary proceedings, beyond the jurisdiction of the court. This controversy should proceed in the action instituted by the defendant.
Reversed.