55 N.J. Super. 306 (1959)
150 A.2d 684
HELJON MANAGEMENT CORP., A CORPORATION OF THE STATE OF NEW YORK, PLAINTIFF-RESPONDENT,
v.
JOSEPH DI LEO, AND DOMINICK NERI, PARTNERS, TRADING AS DUN-RITE DRIVEWAY CO., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued April 13, 1959.
Decided April 23, 1959.
*309 Before Judges GOLDMANN, CONFORD and FREUND.
Mr. Robert J. Jerome argued the cause for defendants-appellants.
Mr. H. Lee Sarokin argued the cause for plaintiff-respondent (Messrs. Lasser and Lasser, attorneys).
The opinion of the court was delivered by FREUND, J.A.D.
Defendants, mechanics' lien subcontractors, appeal from a summary judgment entered in the Law Division of the Superior Court in favor of the plaintiff on the first count of the complaint and dismissing their counterclaim. Plaintiff is the owner of the premises upon which the defendants seek to impose a lien. The complaint seeks, in its first count, to discharge from the records a mechanics' notice of intention filed by the defendants, and, in the second count, to recover damages for the slander of *310 plaintiff's title. Plaintiff desires to lease the premises, but the prospective lessee demands a discharge of the lien. The appeal comes before us on an agreed statement approved by the trial judge, R.R. 1:6-3, together with the pleadings and motion papers.
Plaintiff entered into an agreement with Martin Novich, as the general contractor, for the performance of certain construction improvements. Novich hired the defendants as subcontractors to lay an asphalt surface upon plaintiff's property. On July 21, 1958 defendants commenced the work. On July 28, 1958 they filed a notice of intention with the clerk of Essex County. Relying upon N.J.S. 2A:44-71, plaintiff seeks to have this notice of intention discharged on the ground that no notice in writing was given to the plaintiff, either personally or by registered mail, of the filing of the notice of intention.
The answer filed by the defendants admits that their notice of intention was filed on July 28, 1958, but denies that plaintiff was not given written notice of the filing of the notice of intention.
Notice was given by the plaintiff of a motion for summary judgment on the first count of the complaint and for the dismissal of defendants' counterclaim.
The pertinent part of the statute requiring written notice is as follows:
"Notice, in writing, of the filing of any such notice of intention shall be given within five days of such filing to the owner of the premises, of the land described therein, personally or by registered mail, to the last known address, and unless such notice to the said owner be so given, the filing of the said notice of intention shall have no force or effect." N.J.S. 2A:44-71.
Defendants submitted the following affidavit:
"Dominick Neri, being duly sworn according to law, upon his oath, deposes and says:
1. I am one of the partners of Dun-Rite Driveway Co., the defendant in the above entitled action.
*311 2. Notice in writing of the filing of the notice of intention in the above matter was given to the owner of the premises involved located at 210 North Clifford Street, Newark, New Jersey; said notice was given within 5 days of the filing of said mechanics notice of intention.
3. Said notice was filed prior to the commencement of work or the supplying of any materials.
4. Plaintiff had actual notice of the filing of said notice for within 5 days of the said filing an agent of the said plaintiff corporation called defendants and demanded that the said notice be removed."
It is noted that the second, third, and fourth paragraphs of the affidavit do not run in the first person as required by R.R. 4:10-4, nor does the affidavit state or justify a conclusion that the matters contained therein were within the personal knowledge of the affiant. R.R. 4:58-6 requires that affidavits in support of or in opposition to a motion for summary judgment "shall be made on personal knowledge and shall set forth only facts which are admissible in evidence and to which the affiant is competent to testify * * *." Ash v. Frazee, 37 N.J. Super. 542, 547 (App. Div. 1955).
Defendants first argue that plaintiff's motion, though styled as one for summary judgment under R.R. 4:58, is in reality one for a judgment on the pleadings under R.R. 4:12-3, and, as such, it necessarily concedes all the allegations in the defendants' answer, including that written notice was given the owner. This argument is without merit. A motion for judgment on the pleadings is to be distinguished from a summary judgment procedure in that the former raises only issues at law, admitting all the defendants' well-pleaded facts. Evangelista v. Public Service Coordinated Transport, 7 N.J. Super. 164 (App. Div. 1950); 2 Waltzinger, N.J. Practice, p. 149; 2 New Jersey Rules Service, Schnitzer & Wildstein, A IV-261. Under R.R. 4:58 the movant claims there is no genuine issue as to any material fact and that he is entitled to a judgment on the undisputed facts and the applicable law. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 74, 75 (1954); Devlin v. Surgent, 18 N.J. 148, 154 (1955).
*312 In the present case plaintiff's motion was styled as one for summary judgment. It asserts there is no genuine issue as to any material fact and that plaintiff is entitled to judgment as a matter of law. Nor is there any basis for defendants' suggestion that since plaintiff relied solely on its own pleadings, summary judgment should be denied. R.R. 4:58-1 states unequivocally that one may move for summary judgment "with or without supporting affidavits." A. Kaplen & Son Ltd. v. Housing Authority of City of Passaic, 42 N.J. Super. 230, 234, 235 (App. Div. 1956); 6 Moore's Federal Practice (2d ed. 1953), § 56.92, p. 2053.
Next, defendants contend that the summary judgment must be reversed since there were genuine issues of fact. However, it is settled that where there is a prima facie right to summary judgment the party opposing the motion is required to demonstrate by competent evidential material that a genuine issue of a material fact exists. This is to afford litigants protection against groundless claims and frivolous defenses. Robbins v. Jersey City, 23 N.J. 229, 240, 241 (1957). It is not sufficient for the party opposing the motion merely to deny the fact in issue where means are at hand to make possible an affirmative demonstration as to the existence or non-existence of the fact.
The gravamen of defendants' complaint is that the trial judge granted summary judgment because of the refusal of defendants to make the affirmative demonstration. Defendants object to this on the ground of "principle"  why should they be compelled at this stage of the proceeding to bear the burden of proof as to the notice issue? Defendants say that plaintiff is really attempting to shift the burden of proof and to gain discovery by employing summary judgment procedure.
The trial judge granted an adjournment of one week and directed counsel for the defendants to submit an affidavit setting forth specifically the date, manner, and name of the person upon whom the notice of intention had allegedly been served. No such affidavit was filed. Moreover, defendants' *313 attorney refused to furnish the information to the court upon request made in open court and refused to accept additional time for the filing of the supplemental affidavit. The procedure employed by the presiding judge was an exemplary way of exploring the existence of a genuine fact issue, under the circumstances of the instant case.
Summary judgment procedure is, after all, in the nature of a discovery device  it opens up and searches the record. It is, of course, true that the movant must sustain the burden of showing that there is palpably no genuine issue of a material fact. On the other hand, however, where the movant has established certain facts or alleges them, the "particular circumstances of the case may cast a duty to go forward with controverting facts" and a failure to discharge this duty will entitle the movant to summary judgment. See 6 Moore, op. cit., supra, § 56.15[3], p. 2130. If this requires the non-movant to produce all his evidence, he must do so to establish clearly the existence of a genuine issue of a material fact. Id., at p. 2132. This is particularly true where such proof is peculiarly within the non-movant's knowledge or control or where he has exclusive access to such proof. Id., at p. 2146. He is not permitted to hold back his evidence, if any, until the trial. If this be another form of discovery or an indirect method of temporarily shifting the burden of proof, it may in an appropriate case be justified by the policy in favor of the expeditious disposition of idle claims. In our opinion, this is precisely such a case, and the defendants' principles must yield to the spirit of the rules.
Lastly, the defendants argue that the trial judge was without jurisdiction to grant summary judgment by reason of N.J.S. 2A:44-116, relying upon Sharav v. Scott, 37 N.J. Super. 224 (App. Div. 1955). The cited statute provides that when a mechanics' notice of intention has been filed and the claim has been paid, satisfied, settled, or abandoned, and the lien claimant fails or refuses to file a certificate directing the county clerk to discharge the *314 notice, the court may, on application and "in a summary way," order the notice discharged. This statute has no application to the present case since, by defendants' own admission, their claim has not been paid, satisfied, settled or abandoned. Sharav v. Scott, supra, merely holds that the summary procedure provided for by N.J.S. 2A:44-116 does not authorize the court, whose jurisdiction has been invoked to have the notice discharged, to render a summary judgment as to other aspects of the claim.
Neither the statute nor Sharav indicates that in a plenary action at law in the Superior Court, as here, the summary judgment procedure is not available merely because the subject matter of the action is the validity or legality of the filing of a mechanics' notice of intention.
The substantive provisions of the Mechanics' Lien Statute, N.J.S. 2A:44-64 et seq., including 71, set forth a strict remedy and are to be strictly construed. Friedman v. Stein, 4 N.J. 34, 40 (1950); Sharav v. Scott, supra. From what transpired before him, the trial judge was justified in concluding that there was no genuine issue of a material fact as to whether defendants had served plaintiff with written notice of the filing of the mechanics' notice of intention in accordance with the statute.
Judgment affirmed.