61 N.J. Super. 283 (1960)
160 A.2d 521
THE TRAVELERS INSURANCE COMPANY, A CORPORATION OF THE STATE OF CONNECTICUT, PLAINTIFF,
v.
J. RUSSELL HITCHNER, T/A RUSS' ROLLER RINK, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided April 30, 1960.
*284 Mr. Russell S. Henderson, attorney for plaintiff.
Mr. Samuel Adler, attorney for defendant.
CAFIERO, J.S.C.
Plaintiff moves for a judgment on the pleadings. Defendant agrees that the matter shall be submitted on briefs without oral argument.
The action is one based upon a liability policy issued by the plaintiff with limits of liability of $5,000 for each person and $10,000 for each accident. To the policy was attached a $500 deductible bodily injury clause. The complaint alleges that on March 22, 1956, during the term of the policy, a civil action was instituted against the defendant by a patron of the Roller Rink for bodily injuries sustained due to defendant's negligence, and seeking $20,000 as damages. Plaintiff filed an answer in behalf of the insured, but before trial and after investigation, settled the claim for $1,000 and took a release in its name and in the name of Russell *285 Hitchner, t/a Russ' Roller Rink. Demand was then made of the defendant for contribution of the sum of $500, in accord with the terms of the policy. Defendant has refused to pay this sum and plaintiff seeks $500, with interest from January 31, 1959 and costs.
Defendant admits plaintiff made the settlement, but contends that it was made against his direct orders and wishes since he believed that an adequate defense could be presented in defense of the suit. He denies that plaintiff is entitled to contribution from him under the terms of the policy and contends that a proper and fair construction of the policy is that the company has an absolute right to settle so much of the claim for which it may be liable to the insured, but it cannot settle or compromise the first $500 of any claim without his consent.
The court may only render judgment on the pleadings when the pleading, alleged to state no defense, are liberally construed in favor of the pleader and are clearly and palpably insufficient in a legal sense. Kelly v. Hoffman, 137 N.J.L. 695, 5 A.L.R.2d 951 (E. & A. 1948); Evangelista v. Public Service Coordinated Transport, 7 N.J. Super. 164 (App. Div. 1950); Baldwin Const. Co. v. Essex County Board of Taxation, 24 N.J. Super. 252 (Law Div. 1952); Heljon Management Corp. v. Di Leo, 55 N.J. Super. 306 (App. Div. 1959). With this standard in mind, it is concluded that the motion should be granted.
The printed policy contains the standard provision:
"II  Defense, Settlement, Supplementary Payments  with respect to such insurance as is afforded by this policy for bodily injury liability * * * the company shall: (a) defend any suit against the insured alleging such injury * * * and seeking damages on account thereof * * * but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient."
The deductible bodily injury liability endorsement attached to the policy provides as follows:
*286 "Such insurance as is afforded by the policy applies, subject to the following provisions:
1. $500.00 shall be deducted from the total amount of all sums which the insured shall become legally obligated to pay as damages on account of bodily injury, sickness, disease or death sustained by one or more persons as the result of any one accident, and the company shall be liable only for the difference between such deductible amount and the applicable limit of liability for each accident as stated in the policy.
2. The terms of the policy, including those with respect to notice of accident and the company's right to investigate, negotiate and settle any claim or suit, apply irrespective of the application of the deductible amount.
3. The company may pay any part or all of the deductible amount to effect settlement of any claim or suit, and, upon notification of the action taken, the named insured shall promptly reimburse the company for such part of the deductible amount as had been paid by the company."
Although it is well established that the insurer may at its option settle any claims against the insured for loss or injury covered by the policy, without any interference on the part of the insured, it has been held that if settlement is more than the amount limited in the policy, the insured's consent thereto should be obtained, since he would have to pay the excess. 45 C.J.S. Insurance § 936, p. 1067. It is on this theory that defendant bases his claim that settlement could not be made without his consent. He contends that the same principle applies when settlement is made on a policy which contains a "deductible clause," since he will be called upon to pay, or to reimburse the company up to the amount deducted. However, the situation is entirely different. The defendant has specifically contracted to hold himself under obligation to make such payment. Under the terms of the policy, the insurer has the authority "to make such settlement of any claim or suit as it deems expedient" and such settlement shall be made "irrespective of the application of the deductible amount," and it is further provided that "the company may pay any part or all of the deductible amount to effect settlement" and look to the insured for prompt reimbursement "for such part of the *287 deductible amount as had been paid by the company." To these provisions the defendant agreed when he accepted the policy and paid the premium.
In the case of Johnson v. Hardware Mut. Casualty Co., 109 Vt. 481, 1 A.2d 817 (Sup. Ct. 1938), the court stated:
"When the plaintiff [insured] accepted the policy * * *, he surrendered to the defendant the complete control and management of any suit that might be brought against him for any claim which would involve liability on the part of the company. It was so stipulated in the policy. * * * When the company accepted the premium charged for the policy, it impliedly undertook to use this control and management for the mutual benefit of the parties to the contract. Their relations became mutually fiduciary; and each owed the other the duty of the utmost good faith in their dealings together, and in exercising the privileges and discharging the duties specified in and incident to the policy contract. The [insured] engaged to cooperate with the company if a loss threatened. He was bound to do so honestly and with all good fidelity. The company was equally bound so to handle the Rule Case. It had a right to look after its own interests, but it was bound to have due regard for the plaintiff's interests, as well. If in what it did and refused to do, it acted honestly and according to its best judgment, this suit must fail. If on the contrary, it used its authority over the case of Rule v. Johnson, supra, to save itself from as much of the loss as possible, in disregard of the plaintiff's rights, consciously risking loss to the plaintiff to save loss to itself, the suit must succeed; for that would be bad faith, while its relation to the plaintiff demanded good faith. As applied to this case, bad faith on the part of the [insurer] would be the intentional disregard of the financial interests of the [insured] in the hope of escaping the full responsibility imposed upon it by its policy." (1 A.2d, at page 820)
The defendant does not claim such bad faith. On the contrary, he contends that his defense to the claim of the patron of his rink for damages was sufficient that he would have prevailed in the suit against him and, therefore, neither he nor the insurer would have been obligated under the policy.
Under the defendant's theory the company would be barred from making any settlement without his consent. This is not so expressed in the policy. Our courts have held that when a policy is clear and unambiguous it is governed by *288 its own terms and must be enforced as it is found. See Herbert L. Farkas Co. v. New York Fire Ins. Co., 5 N.J. 604 (1950); Brindley v. Firemen's Ins. Co. of Newark, 35 N.J. Super. 1 (App. Div. 1955). See also Boswell v. Travelers Indemnity Company, 38 N.J. Super. 599 (App. Div. 1956), wherein the court stated:
"The rules of construction applicable to contracts of insurance are fairly uniform. They have received extended treatment in our cases and in the authorities. * * * When the policy of insurance is clear and unambiguous, the court is bound to enforce the contract as it finds it. * * * The fundamental rule of construction is to arrive at and determine the intention of the parties as demonstrated by the language employed when read and considered as a whole. * * * It might also be noted, on construing an ambiguous policy, that a person is unlikely to intend or consciously make an agreement unfair or useless to himself. * * * Of course, if the words are unambiguous, they must be enforced even though the contract be inequitable, or even useless to the insured, for then the error is simply one of business judgment.
* * * As with the provisions of the policy as a whole, so also with the exceptions to the liability of the insured, the language must be construed so as to give the insured the protection which he reasonably had a right to expect. * * *"
Certainly, under the terms of the policy the insured knew that he would be responsible up to the amount of $500, and further, that the company had the authority to settle if it deemed it expedient.
Research fails to disclose any adjudications in New Jersey or elsewhere on the exact question. However, the case of Bankers Indemnity Ins. Co. v. A.E.A. Co., 32 N.J. Super. 471 (App. Div. 1954), is most helpful in providing support for the conclusions reached in the instant case. In that action the policy contained the exact clause with respect to "Defense, Settlement and Supplementary Payments" as is contained in the policy here involved, and it also had attached a reimbursement endorsement whereby "the insured agreed to reimburse the Company * * * for any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been *289 obligated to make under the provisions of the policy, except for the agreement contained therein." With respect thereto, Judge Ewart, speaking for the court stated:
"* * * and in pursuance of the provision in the insuring agreements, supra, which gave the carrier the right to make such investigations, negotiations and settlement of any claim or suit as it might deem expedient, proceeded to settle the claims arising out of the accidents occurring October 16 and November 6, 1951 without waiting for the claims sued upon to be reduced to judgments. * * * And the defendant further contends that it was given no notice of the proposed settlements made by the insurance carrier; that there were no proofs before the trial court to show that the settlements made by the insurance company were fair; no proofs that the defendant (the assured) was in fact and in law liable to the plaintiffs in the suits mentioned [the injured parties]; and no proof that the settlements were made in good faith by the plaintiff insurance company. In connection with these last mentioned defenses, it is to be noticed that the `Insuring[ance] Agreements' contained in the policy, supra, expressly authorized the insurance company to
`make such investigations, negotiation and settlement of any claim or suit as it deems expedient.'
There is nothing in the contract of insurance limiting the right of the insurance company to effect settlements only upon notice to the assured. On the contrary, * * * the right to effect a settlement of claims, rather than to defend a suit, is optional with the insurance company. The policy entrusts to the insurance carrier the decision as to whether or not claims shall be settled.
"* * * In the absence of any adjudications on the point in this State, we prefer to adopt the rule enunciated in the Massachusetts cases [Abrams v. Factory Mutual Liability Ins. Co., 298 Mass. 141, 10 N.E.2d 82 (Sup. Jud. Ct. 1937) and Service Mutual Liability Ins. Co. v. Aronofsky, 308 Mass. 249, 31 N.E.2d 837 (Sup. Jud. Ct. 1941)] and to hold that in this suit by the insurance carrier against the assured for reimbursement it was unnecessary for the plaintiff to allege or prove that notice of the proposed settlement was given the assured; that the settlement was fair; that the assured was in law liable to the claimants in whose favor the settlements were made; that the settlements were made in good faith; and that failure of the assured to give prompt notice of the occurrence of the accidents prejudiced the insurance carrier in its investigation of and preparation for and defense of the claims."  " (Emphasis added) (Italics supplied.)
Following the law declared in the A.E.A. Co. case, supra, we conclude that under the terms of the policy it *290 was unnecessary for the insurer to obtain the consent of the insured to the settlement. The pertinent terms of the policy are clear and unambiguous. It was the duty of the insurer not only to pay, on behalf of the insured, all sums for which the latter might become obligated because of bodily injury suffered by a patron, within the policy limits, less the $500 deductible, but also, insofar as it could do so by a reasonable performance of its services, to settle all claims without interference by the insured.
Judgment for the plaintiff in the amount of $500, with interest from January 31, 1959 and costs. Submit order.