INSURANCE COMPANY OF NORTH AMERICA *v.* L. C.
YOUNG PAINTING & DECORATING COMPANY.

1. APPEAL AND ERROR—AGREED STATEMENT OF FACTS.

Parties or their attorneys may agree upon and sign a statement
of facts without procuring a stenographer's minutes of the
testimony taken at the trial, which statement shall be transmitted to the appellate court as the record of the testimony
in the case (GCR 1963, 812.10).

2. INSURANCE — SETTLEMENT — DEDUCTIBLE AMOUNT — COLLECTION
FROM INSURED.

Settlement by insurance company of claims against insured
amounting to less than the $100 deductible amount under a
comprehensive general liability policy, before the institution
of suit or judgment in favor of the claimants against the defendant *held*, not to preclude insurer from collecting the aggregate amount from insured under that portion of the policy
obligating insured to reimburse insurer for any portion of the
deductible amount paid by insurer to effect settlement of any
claim or suit.

3. SAME—SETTLEMENT—AUTHORITY—DEDUCTIBLE AMOUNT.

Terms of comprehensive general liability policy conferring right
on insurer to settle any claim or suit against its insured irrespective of the application of a deductible amount of $100
per claimant entitles the plaintiff insurer to settle a claim or
suit even though a $100 deductible provision applied and
required defendant insured to reimburse the plaintiff insurer for
such part of the deductible amount as plaintiff had paid to
effect settlement.

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 416.
[2–4] 29A Am Jur, Insurance § 1736 *et seq.*
[5–7] 29A Am Jur, Insurance § 1440 *et seq.*
[8] 30 Am Jur, Interest § 24.

4. Same—Settlement—Judgments—Deductible Amount.

An insurance company under a comprehensive general liability policy need not establish that judgments could assuredly be obtained by claimants against its insured for amounts paid in settlement to recover the deductible parts of such amounts.

5. Same—Settlement—Justification.

An insurer under a comprehensive general liability policy can be required to justify the propriety of a particular exercise of its power to settle claims against its insured, but cannot be required to prove both the negligence of the insured and the freedom from contributory negligence of the claimant in every settlement it makes to justify the settlement.

6. Same—Settlement—Deductible Amount—Defense.

A challenge to a settlement by an insured resisting reimbursement of a deductible amount to the insurer under a comprehensive general liability policy must assert a defense going to the integrity of the settlement.

7. Same—Settlement—Recovery in Insurer Under Policy.

Failure of defendant insured to assert that plaintiff insurer failed to establish its good faith or to negative bad faith in entering into settlements which it negotiated pursuant to the power confided to it under terms of comprehensive general liability policy requires judgment in favor of plaintiff for reimbursement of deductible amounts paid to claimants by plaintiff.

8. Appeal and Error—Reversal—Interest.

Interest and costs are awarded plaintiff, appellant, where judgment for defendant is reversed and judgment is ordered to be entered by the trial court in favor of plaintiff for aggregate sum plaintiff insurer had paid on behalf of defendant insured in settlement of claims within deductible provision of comprehensive general liability policy for defendant painting business.

Appeal from Common Pleas Court of Detroit; Connolly (John W.), J. Submitted Division 1 April 5, 1967, at Detroit. (Docket No. 2,758.) Decided April 26, 1968.

Declaration by Insurance Company of North America, a Pennsylvania corporation, against L. C.

Young Painting & Decorating Company, a Michigan corporation, to recover the aggregate of claims paid in settling claims against the insured for less than the $100 deductible amount. Judgment for defendant. Plaintiff appeals. Reversed.

*Frazer & Popkin,* for plaintiff.

*Ralph H. Adams,* for defendant.

LEVIN, J. This is an action by an insurance company against its insured. The insurer settled claims against the insured by paying amounts less than the $100 deductible, and now seeks recovery of the aggregate amount paid by it in effecting such settlements.

Plaintiff-appellant, Insurance Company of North America, insured the defendant-appellee, L. C. Young Painting & Decorating Company, under a comprehensive general liability policy. Plaintiff claims the defendant, when spray painting a certain building, permitted particles of paint to fall upon and damage cars which were parked in the building's vicinity, and that, pursuant to the policy, the plaintiff settled with the claimants, paying them the aggregate sum of $1,925.80, which amount, plaintiff claims, the policy requires the defendant to repay to the plaintiff.

At the trial's conclusion, the judge stated that the policy requires the plaintiff to establish the defendant was "legally obligated" to pay the claimants the amounts paid them in settlement, and, there being no showing the defendant was so obligated, judgment would be entered for the defendant. The trial judge added there was ambiguity in the policy which should be resolved in favor of the defendant.

On this appeal the parties entered into an agreed statement of facts which was transmitted as the

record of testimony in the case.[1]  The statement of facts contains the text of the relevant language of the insurance policy and states the plaintiff settled 39 claims (each for less than $100) for the aggregate sum of $1,925, and the claims were settled prior to the institution of suit or judgment in favor of the claimants against the defendant.

The parties agree the questions we are to answer are whether the policy is ambiguous, and whether the phrase "legally obligated to pay" in the policy means that the claims against the insured must have been reduced to judgment before the insurer was authorized to pay.

The language of the insurance policy, to the extent set forth in the agreed statement of facts, follows:

"(a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation, and settlement of any claim or suit as it deems expedient.

"Endorsement No. 1 contains the following provision:

"1. $100.00 shall be deducted from the total amount of all sums which the insured shall become legally obligated to pay on damages on account of injury to or destruction of all property of one person or organization, including the loss of use thereof.

"2. The terms of the policy, including those with respect to notice of accident, and the company's right to investigate, negotiate and settle any claim or suit apply irrespective of the application of the deductible amount.

"3. The company may pay any part or all of the deductible amount to effect settlement of any claim

_____

[1] "Agreed Statement of Facts.  The parties or their attorneys may agree upon a statement of facts without procuring the stenographer's minutes of the testimony taken at the trial, and the statement so signed by the parties or their attorneys shall be transmitted as the record of testimony in the case." GCR 1963, 812.10.

or suit and upon notification of the action taken the named insured shall promptly reimburse the company for such part of the deductible amount as has been paid by the company."

We find no inconsistency between (i) the clause that states $100 shall be deducted from such amounts as the insured "shall become legally obligated to pay", and (ii) the clauses that authorize the plaintiff to settle "any claim or suit as it deems expedient" (which authority applies "irrespective of the application of the deductible amount") and obligate the defendant to reimburse the plaintiff for any portion of the deductible amount paid by the plaintiff to effect settlement of any claim or suit.

The policy must be read as a whole. The right the policy confers on the plaintiff to settle any claim or suit would in our opinion be rendered meaningless, or almost meaningless, were we to accept the defendant's contention that the plaintiff could exercise such right only after a judgment had been entered against the defendant.[2]

Far from being ambiguous, we think it is the plain meaning of the policy that plaintiff could settle a claim or suit even though the $100 deductible provision applied and could require the defendant to reimburse it for such part of the deductible amount as plaintiff paid to effect settlement; it was not incumbent on the plaintiff to await judgment against the defendant before seeking to settle the claims against the defendant.

The defendant, pursuing the theme that plaintiff had the burden of establishing defendant's legal obligation to pay the claims, asserts that plaintiff failed to prove the defendant was negligent, that the

[2] Parenthetically, we note that on brief the defendant claims the requisite legal obligation to pay would not arise until the expiration of the "appeal period."

claimants were free of contributory negligence, that the amount paid each claimant was reasonable, and that defendant's obligations to the claimants were at least "tantamount to a judgment" against the defendant or would "form the basis of a judgment" against it.

We have already stated our view that the plaintiff was not obliged to wait until judgments were entered against the defendant. Similarly, we do not think it was incumbent on the plaintiff to establish that judgments assuredly could be obtained by the claimants against the defendant for the amounts the plaintiff paid in settlement. See *Bankers Indemnity Insurance Company* v. *A. E. A. Co., Inc.* (1954), 32 NJ Super 471, 485 (108 A2d 464, 472), so holding, and rejecting the dictum of one court and the holding of another court to the contrary in cases where the policies were less explicit than the one before us as to the insurer's settlement and reimbursement rights. See, also, *Travelers Insurance Company* v. *Hitchner* (1960), 61 NJ Super 283 (160 A2d 521) where the relevant language of the policy was identical with that in the policy before us, and where, relying on *Bankers Indemnity, supra,* the court rejected the contention of the insured (who asserted he had a good defense to the claimant's suit on the merits) that the insurer could not settle and seek recovery of the deductible amount ($500) without the insured's consent.[3]

As we see it, the defendant seeks to impose on the insurer, in the insurer-insured lawsuit, both the claimant's burden of proof (negligence) and insured's burden of proof (contributory negligence).

---

[3] See, also, *National Surety Corporation* v. *Peoples Milling Co., Inc.* (DC WD Ky, 1944), 57 F Supp 281, and *United States Fidelity & Guaranty Co.* v. *Jones* (CA5, 1937), 87 F2d 346, holding that an indemnitee expressly authorized to settle may recover from his indemnitor amounts paid in settlement without proving the validity of the claim paid by the indemnitee.

A rule of law that would impose on the insurer the obligation to surmount all the hurdles which (viewed in retrospect) could have arisen in the claimant-insured lawsuit, would render exercise of the expressed power to settle (in many, if not most situations) more hazardous and burdensome than would be defense to final judgment of the claimant's suit. Indeed, the issues in the insurer-insured lawsuit would become more complex than those in the claimant-insured lawsuit.

This does not mean an insurer may exercise the power to settle recklessly and without regard to the interests of the insured, or where in substance (if not in form) the insurer is but a volunteer. An insurer can be required to justify the propriety of a particular exercise of such power. Compare *City of Wakefield* v. *Globe Indemnity Co.* (1929), 246 Mich 645, 658, where it was held the insured failed to prove the insurer's "refusal to settle was actuated by bad faith", with *Meirthew* v. *Last* (1965), 376 Mich 33, 38, where the court stated "the insurer must fulfill its policy-contracted obligation with the utmost loyalty to its insured".

However, if the insured desires to challenge the integrity of the settlement, it must assert a defense going to the integrity of the settlement. We say "assert" rather than "plead" because we wish to avoid intimating an opinion whether the insurer (as part of its affirmative case) must establish, or whether it is the obligation of the insured to negative, *bona fides* by the insurer in its exercise of the power to settle.

This appeal is presented to us on an agreed statement of facts and on questions framed by the parties. Neither on brief nor during the argument did the defendant assert that the plaintiff failed to establish its good faith or to negative bad faith in entering into the settlements which it negotiated

pursuant to the power confided to it under the terms of the policy.

Reversed. Judgment should be entered by the trial court in favor of the plaintiff for $1,925, plus interest and costs. Costs on this appeal to plaintiff.

T. G. KAVANAGH, P. J., and VANDER WAL, J. concurred.